## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) |
|  | ) Case No. 23-10497 (CTG) |
|  | ) |
|  | ) (Joint Administration Requested) |
| Debtors. | ) |
|  | ) |

### DEBTORS' MOTION FOR ENTRY OF
### AN ORDER (I) AUTHORIZING SLP HOLDINGS LTD.
### TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) authorizing SLP Holdings Ltd. ("SLP") to act as foreign

representative[2] on behalf of the Debtors' estates (the "Foreign Representative") in legal

proceedings in the Canadian Court (as defined below); and (b) granting related relief.

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural
Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114).  The location
of the Debtors' headquarters is:  2176 Government Street, Penticton, British Columbia, Canada V2A 8B5.  The
address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover,
Delaware 19901.

[2]   A "foreign representative" is defined in section 45(1) of the CCAA (as defined herein) to mean "a person or body,
including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor
company to: (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or
(b) act as a representative in respect of the foreign proceeding."

Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105, 1107, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1.

### Background

6.      On April 21, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Matthew Karmel, Interim Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[3] filed contemporaneously with this Motion and incorporated by reference herein.[4]

---

[3]   Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[4]   The First Day Declaration and other relevant case information are available on the following website maintained by the Debtors' proposed claims and noticing agent Kurtzman Carson Consultants LLC ("KCC"): https://www.kccllc.net/Structurlam.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

**Appointment of a Foreign Representative**

8.      SLP, as the proposed Foreign Representative, will seek ancillary relief in Canada on behalf of SLP, and, to the extent necessary or appropriate, the other Debtors, in the Supreme Court of British Columbia (the "Canadian Court") pursuant to the *Companies' Creditors Arrangement Act (Canada) R.S.C., 1985, c. C-36* (as amended, the "CCAA").  The purpose of the ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court recognize the Chapter 11 Cases of the Debtors as "foreign main proceedings" or "foreign non-main proceedings," as applicable, under the applicable provisions of the CCAA to, among other things, protect the Debtors' assets and operations in Canada and obtain a Canadian order staying self-help remedies by stakeholders, lenders, or other parties following the commencement of these Chapter 11 Cases.  Concurrent with the filing of this Motion, the Foreign Representative may seek an emergency stay in Canada, pending entry of the proposed Order, to prevent any claimants from taking steps against the Debtors' property in Canada.[5]

---

[5]    The Foreign Representative intends to propose that the Canadian Court appoint Alvarez & Marsal Canada Inc. as information officer in the Canadian Proceeding (the "Information Officer").  The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of the Chapter 11 Cases, the proposed restructuring of the Debtors, the Canadian Proceeding, and any other information that may be material to the Canadian Court.  The specific duties of the Information Order will be set out in an order of the Canadian Court.  The Information Officer, its counsel,

9.      The Debtors request authority to appoint SLP as Foreign Representative in connection with the Canadian Proceeding to satisfy the requirements of the CCAA.  Specifically, section 46 of the CCAA provides:

> (1) **Application for recognition of a foreign proceeding.**—A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> (2) **Documents that must accompany application.**—. . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity. . . .

CCAA, R.S.C., c. C-36, § 46 (1985) (Can.).

10.     Absent an order of this Court, the Debtors may find it difficult to satisfy the requirements set out in the CCAA for an application for recognition of these Chapter 11 Cases. Additionally, under the DIP Order, in order for the Debtors to obtain the debtor-in-possession financing a Canadian order approving the DIP Order is required.  Accordingly, in order for SLP to be recognized as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the Debtors' Chapter 11 Cases recognized by the Canadian Court, this Court must enter an order authorizing SLP to act as the Foreign Representative in the Canadian Proceeding.  If the order is entered, SLP will be able to file the order with the Canadian Court as the instrument authorizing SLP to act as the Foreign Representative pursuant to section 46 of the CCAA.  At this time, SLP has no intention of seeking recognition in any other jurisdictions.

---

and counsel to the Foreign Representative will be compensated by the Debtors in accordance with the terms of an order of the Canadian Court.

## Basis for Relief

11.    Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to Bankruptcy Code section 103(k)(1), Bankruptcy Code section 1505 applies to any case under the Bankruptcy Code.  Specifically, Bankruptcy Code section 103(k)(1) provides that "[c]hapter 15 applies only in a case under such chapter, except that—(1) sections 1505, 1513, and 1514 apply in all cases under this title." 11 U.S.C. § 103(k)(1).

12.    Section 1505 of the Bankruptcy Code allows a debtor in possession to obtain a court order recognizing the debtor in possession as the foreign representative of the debtor's estate, in order to submit a petition to a foreign court requesting recognition of the debtor's chapter 11 case. Specifically, section 1505 of the Bankruptcy Code provides:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541.  An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

13.    Further, Bankruptcy Code section 1107(a) provides, in relevant part:

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

14.    The Debtors respectfully submit that sections 1107 and 1505 of the Bankruptcy Code confer upon SLP, as a debtor in possession, sufficient rights, powers, and duties to act as Foreign Representative of the Debtors' estates.  However, to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the

Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly authorizing SLP to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding.

15.    This relief will allow coordination of these Chapter 11 Cases and the Canadian Proceeding and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates.  Specifically, the Canadian Proceeding will allow the Debtors to seek orders of the Canadian Court, ensuring that the relief granted in this Court is enforceable in Canada and that creditors in the United States and Canada are subject to similar stays as a result of the commencement of these Chapter 11 Cases.

16.    Courts routinely grant relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding.  *See, e.g.*, *In re TK Holdings Inc.,* No. 17-11375 (BLS) (Bankr. D. Del. June 15, 2017); *In re The Rockport Co., LLC*, No. 18-11145 (LSS) (Bankr. D. Del. June 19, 2020); *In re Imerys Talc Am., Inc.*, No. 19-10289 (Bankr. D. Del. May 15, 2020); *In re Brooks Bros. Grp., Inc.*, No. 20-11785 (CSS) (Bankr. D. Del. July 8, 2020); *In re Mallinckrodt PLC,* No. 20-12522 (JTD) (Bankr. D. Del. Oct. 12, 2020); *In re Hollander Sleep Prod., LLC*, No. 19-11608 (MEW) (Bank. S.D.N.Y. May 22, 2019); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D.Va. Feb., 17, 2020); *In re BJ Serv., LLC*, No. 20-33627 (MI) (Bankr. S.D. Tex. Aug. 10, 2020); *In re Tailored Brands, Inc.*, No. 20-33900 (MI) (Bankr. S.D. Tex. Aug. 3, 2020); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 5, 2022); and *In re Sungard AS New Holdings, LLC*, No. 22-90018 (DRJ) (S.D. Tex. Apr. 12, 2022).

17.    Accordingly, the relief requested herein is necessary and appropriate and should be granted in all respects.

**<u>Notice</u>**

18.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lender and the DIP Lender; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the attorneys general in the states where the Debtors conduct their business operations; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the

relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated: April 24, 2023
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

<u>/s/ Mark L. Desgrosseilliers</u>
William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:       chipman@chipmanbrown.com
             weber@chipmanbrown.com
             desgross@chipmanbrown.com
             olivere@chipmanbrown.com

*Proposed Conflicts Counsel to Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) Case No. 23-10497 (CTG) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) **Re: Docket No. __** |

**ORDER (I) AUTHORIZING SLP HOLDINGS LTD.
TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing SLP Holdings Ltd. ("SLP") to act as foreign representative on behalf of the Debtors' estates (the "Foreign Representative") in the Canadian Proceeding; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114).  The location of the Debtors' headquarters is:  2176 Government Street, Penticton, British Columbia, Canada V2A 8B5.  The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      Debtor SLP is hereby authorized to: (a) act as the Foreign Representative of the Debtors; (b) seek recognition of these Chapter 11 Cases in the Canadian Proceeding; (c) request that the Canadian Court lend assistance to this Court in protecting the property of the estates; and (d) seek any other appropriate relief from the Canadian Court that SLP deems just and proper in the furtherance of the protection of the Debtors' estates.

3.      This Court requests the aid and assistance of the Canadian Court to recognize these Chapter 11 Cases as a "foreign main proceeding" or "foreign non-main proceeding," as applicable, and SLP as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4.      The Debtors are authorized to pay the costs of the Information Officer and its counsel, consistent with any orders of the Canadian Court.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.