**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) ) ) | Case No. 23-10497 (CTG) |
| Debtors. | ) ) ) ) ) ) | (Jointly Administered) <br> **Hearing Date: May 19, 2023 at 10:00 a.m. (ET)** <br> **Objection Deadline: May 12, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Structurlam Mass Timber U.S., Inc. and its affiliates, the debtors and debtors-in-possession (the "**Debtors**") in the above-captioned chapter 11 cases, hereby move the Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a), 365 and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rules 6006, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving procedures for the rejection of executory contracts and unexpired leases throughout these Chapter 11 Cases (as defined below), and authorizing the Debtors to take all actions necessary to implement such procedures, including abandonment of the Abandoned Property (as defined below). In support of the Motion, the Debtors rely on the *Declaration of Matthew Karmel, Interim Chief Executive Officer of the Debtors in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

00048421.1

No. 9] (the "**First Day Declaration**"),[2] which is fully incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent as follows:

## RELIEF REQUESTED

1.  The Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**: (i) authorizing and approving procedures for rejecting executory contracts and unexpired leases (including any amendments or modifications thereto or assignments or subleases thereof, collectively, the "**Contracts and Leases**"), and procedures related thereto; and (ii) granting related relief. The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract and Lease.

## JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  The bases for the relief requested herein are sections 105(a), 365, and 554 of the Bankruptcy Code, Bankruptcy Rules 2002, 6006, 6007 and 9014, and Local Rule 2002-1.

## BACKGROUND

### A.  General Background

5.  On April 21, 2023 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner, or statutory committee (the "**Committee**") has been appointed in the Chapter 11 Cases.

### B.  Specific Background

7.  As further discussed in the First Day Declaration, the Debtors are a leading manufacturer of mass timber solutions and ground protection solutions used in construction and industrial markets, with U.S. facilities in Conway, Arkansas and Canadian facilities in Penticton, Okanagan Falls, and Oliver, British Columbia.  The Debtors have completed or assisted in supplying mass timber for numerous projects throughout North America including, among others: the University of British Columbia Brock Commons in Vancouver, British Columbia in 2016 and 2017, at the time the tallest wood structure building in the world; the Microsoft Silicon Valley

Campus in Mountain View, California in 2019, at the time the largest mass timber structure built in the United States; and the Google Mountain View California campus in 2020.

8. The Debtors are party to numerous Contracts and Leases, which include, among other agreements, contracts with vendors for the supply of goods and services, contracts related to the Debtors' business, and other leases with respect to real and personal property. Specifically, the Debtors currently lease equipment through various lessors, and also maintain relationships with various service and material suppliers in connection with its manufacturing and distribution operations. In addition to its US Facility, the Debtors operate out of four leased manufacturing facilities located in British Columbia, Canada.

9. Additional factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of these Chapter 11 Cases, is set forth in the First Day Declaration.

## THE PROPOSED REJECTION PROCEDURES

10. In an effort to minimize the post-petition expenses associated with the rejection of Contracts and Leases that the Debtors deem, in their business judgment, to be unnecessary or burdensome to the Debtors' ongoing operations and restructuring efforts, the Debtors seek approval of the following procedures with respect to all executory Contract and Leases (the "**Rejection Procedures**"):[3]

(a) *Rejection Notice*. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "**Rejection Notice**") indicating the Debtors' intent to reject a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, a "**Rejection Counterparty**"); (iv) the proposed effective date of rejection for such Contract(s) or Lease(s) (the "**Rejection Date**"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (*as set forth*

---

[3] Nothing herein shall prohibit the Debtors from filing one or more motions to reject executory Contracts or Leases.

*below*).  The Rejection Notice may list multiple Contracts or Leases; provided that the number of counterparties to Contracts and Leases listed on each Rejection Notice shall be limited to no more than one hundred (100).

(b) *Service of the Rejection Notice*. The Debtors will cause the Rejection Notice to be served: (i) by email, if known, and by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (a) the U.S. Trustee, (b) counsel to the Prepetition Lender and the DIP Lender, (c) counsel to any Committee appointed in these Chapter 11 Cases, (d) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (e) third parties known to have an interest in any Abandoned Property that is subject to such Rejection Notice (collectively, the "**Master Notice Parties**").

(c) *Objection Procedures*. Parties objecting to a proposed rejection must file and serve a written objection[4] so that such objection is filed with this Court on the docket of these Chapter 11 Cases no later than fourteen (14) days after the date the Debtors' file and serve the relevant Rejection Notice (the "**Rejection Objection Deadline**") and promptly serve such objection on the following parties (collectively, the "**Objection Service Parties**"): (i) proposed counsel to the Debtors, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); Robert A. Weber (weber@chipmanbrown.com); Mark L. Desgrosseilliers (desgross@chipmanbrown.com); and Mark D. Olivere (olivere@chipmanbrown.com); (ii) counsel to any Committee appointed in these Chapter 11 Cases; (iii) counsel to the Prepetition Lender and the DIP Lender, (a) Blake, Cassels & Graydon LLP, 855 - 2nd Street S.W., Suite 3500, Bankers Hall East Tower, Calgary, Alberta, T2P 4J8, Attn: Kelly Bourassa (kelly.bourassa@blakes.com), Christopher Keliher (christopher.keliher@blakes.com), Erik Fleming (erik.fleming@blakes.com), and Austin Beck (Austin.Beck@blakes.com), (b) Chapman and Cutler LLP, 320 South Canal Street, Chicago, Illinois 60606, Attn: Stephen R. Tetro II and James P. Sullivan, (stetro@chapman.com) and (jsulliva@chapman.com), and (c) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Matthew P. Ward, (matthew.ward@wbd-us.com); and (iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (Benjamin.a.hackman@usdoj.gov).

(d) *No Objection Timely Filed*. If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date, or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided, however*,

---

[4] An objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed on such Rejection Notice.

that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the property by notifying the affected party in writing of the Debtors' surrender of the property and (A) turning over keys, key codes, and security codes, if any, to the affected party or (B) notifying the affected party in writing that the keys, key codes, and security codes, if any, are not available but the party may reclaim the leased property; provided, further, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

(e) *Unresolved Timely Objection*. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least fourteen (14) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

(f) *Removal from Schedule*. The Debtors reserve the right to remove any Contract or Lease from the schedule to a Rejection Notice at any time prior to the Rejection Date, and shall notify the counterparty in writing of such removal.

(g) *No Application of Deposits*. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

(h) *Abandoned Property*. The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract (the "**Abandoned Property**"). The Debtors shall provide a general description of any known Abandoned Property in the applicable Rejection Notice. Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable Lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[5] Contract counterparties to leases may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

---

[5] If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

(i) **Proofs of Claim**. Claims arising out of the rejection of Contract(s) or Lease(s), if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn, or (C) the date the Court enters an Order, if any, approving the applicable rejection. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

## BASIS FOR RELIEF

I. **THE REJECTION PROCEDURES ARE IN THE BEST INTERESTS OF THE DEBTORS' ESTATE.**

11. Given the large number of Contracts and Leases to which the Debtors are a party, establishing the Rejection Procedures will streamline the administration of these Chapter 11 Cases and enhance the efficiency of the reorganization process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract and Lease that the Debtors seek to reject. The Rejection Procedures are reasonable and fair to Contract and Lease counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection of the Contracts and Leases, or the abandonment of property related thereto.

II. **REJECTION OF THE CONTRACTS AND LEASES IS AN EXERCISE OF THE DEBTORS' BUSINESS JUDGEMENT.**

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *see also NLRB. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the

'business judgment' test." (citation omitted)).  The business judgment standard mandates that a court approve a Debtors' business decision unless the decision is the product of bad faith, whim, or caprice.  *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003).

13.     Courts generally will not second-guess a Debtors' business judgment concerning the rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that the rejection will benefit the estate. *See In re Trans World Airlines, Inc.*, 261 B.R. 1023, 121 (noting that the standard under section 365 requires consideration of the benefit of the rejection to the Debtors' estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

14.     The Debtors have determined, in their sound business judgment, that the rejection of Contracts and Leases in accordance with the Rejection Procedures proposed herein is and will be in the best interest of the Debtors' estates.  The Debtors submit that any Contract or Lease that they seek to reject pursuant to the Rejection Procedures will be a Contract or Lease that is financially burdensome and unnecessary to the Debtors' operations and reorganizational efforts. Further, prior to rejecting any of the Contracts and Leases, the Debtors will have ensured that the Contracts and Leases are of inconsequential value and benefit to the Debtors' estates and unlikely to generate any net proceeds to the estates.  Furthermore, the Rejection Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed, and a hearing held for every motion seeking the rejection of the Contracts and Leases.  The Debtors submit that the information provided on the Rejection Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection

in their sound business judgment. Accordingly, the Court should approve the Rejection Procedures.

III. **ABANDONMENT OF PERSONAL PROPERTY.**

15. The Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is or will be satisfied in the event the Debtors seek to abandon property located at the premises subject to a rejected lease of real property. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." Before authorizing abandonment of property, a Bankruptcy Court must find that either (a) the property is burdensome to the estate or (b) the property is both of inconsequential value and inconsequential benefit to the estate. *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 509 (1986); *Matter of Boogaard*, 89 B.R. 397, 397 (Bankr. D. Del. 1988); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999). The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, equipment, displays, and other office equipment that is (a) of minimal or no material value or benefit to the Debtors' estate and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

IV. **THE REJECTION PROCEDURES SATISFY DUE PROCESS.**

16. The counterparties to the Contracts and Leases will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject their respective Contract and Lease and of the effective date of such rejection. *See, e.g., In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests

of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to contest); *In re Mid Region Petrol., Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject). Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and re-let the property promptly. *See, e.g., Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

17. As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. §

102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances") (emphasis added).

18. Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f). Bankruptcy Rule 6006(f) sets forth six requirements that motions to reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to reject multiple executory contracts or unexpired leases that are not between the same parties shall:

   a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   b. list parties alphabetically and identify the corresponding contract or lease;

   c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

   d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

   e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   f. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

19. The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts and Leases while conserving estate resources. Rule 6006(f) provides that counterparties must be able to locate their Contracts and Leases and readily determine whether their Contracts and Leases are being assumed or rejected.

20. The Rejection Procedures satisfy Bankruptcy Rule 6006(f). Further, given the substantial number of Contracts and Leases the Debtors may be seeking to reject, obtaining Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and

the Court and result in costs to the Debtors' estate that may decrease the economic benefits of rejection.

21.     As a result, the Rejection Procedures afford Contract and Lease counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Further, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Rejection Procedures should be approved, and the Debtors should be authorized to reject the Contracts and Leases consistent with the terms of such procedures.

22.     In sum, the Rejection Procedures will minimize costs to the Debtors' estate and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  Moreover, the Debtors have determined that the Rejection Procedures are an appropriate means to protect and maximize the value of the Debtors' estate.

### **WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

23.     To implement the foregoing successfully, the Debtors request that the Court enter an Order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### **RESERVATION OF RIGHTS**

24.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim

is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors or any other party-in-interest's rights to subsequently dispute such claim.

## NOTICE

32.   Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Lender and the DIP Lender, (c) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (d) counsel to any Committee appointed in these cases, and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

33.   No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other relief as may be appropriate.

Dated: May 3, 2023  
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*
William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:   chipman@chipmanbrown.com
       weber@chipmanbrown.com
       desgross@chipmanbrown.com
       olivere@chipmanbrown.com

*Proposed Counsel to Debtors and Debtors in Possession*