# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) Case No. 23-10497 (CTG) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related Docket No.** |

**ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO
REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order (this "**Order**") (a) authorizing and approving procedures to reject executory contracts and unexpired leases and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms used and not defined herein have the meanings given to them in the Motion.

granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The following Rejection Procedures are approved in connection with rejecting Contracts and Leases:

   (a) *Rejection Notice*. The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "**Rejection Notice**") indicating the Debtors' intent to reject a Contract(s) or Lease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s) or Lease(s); (iii) the names and addresses of the counterparties to such Contract(s) or Lease(s) (each, a "**Rejection Counterparty**"); (iv) the proposed effective date of rejection for such Contract(s) or Lease(s) (the "**Rejection Date**"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (*as set forth below*). The Rejection Notice may list multiple Contracts or Leases; provided that the number of counterparties to Contracts and Leases listed on each Rejection Notice shall be limited to no more than one hundred (100). To the extent that a Rejection Notice includes abandonment of property, subsection (h) shall also apply.

   (b) *Service of the Rejection Notice*. The Debtors will cause the Rejection Notice to be served: (i) by email, if known, and by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (a) the U.S. Trustee, (b) counsel to the Prepetition Lender and the DIP Lender, (c) counsel to any Committee appointed in these Chapter 11 Cases, (d) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (e) third parties known to have an interest in any Abandoned Property that is subject to such Rejection Notice (collectively, the "**Master Notice Parties**").

   (c) *Objection Procedures*. Parties objecting to a proposed rejection or abandonment described in a Rejection Notice must file and serve a written objection[3] so that such objection is filed with this Court on the docket of these Chapter 11 Cases no later than fourteen (14) days after the date the Debtors' file and serve the relevant Rejection Notice (the "**Rejection Objection Deadline**") and promptly serve such objection on the Master Notice Parties and the following parties (collectively, the "**Objection Service Parties**"): (i) proposed counsel to the Debtors, Chipman Brown

---

[3] An objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed on such Rejection Notice.

Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); Robert A. Weber (weber@chipmanbrown.com); Mark L. Desgrosseilliers (desgross@chipmanbrown.com); and Mark D. Olivere (olivere@chipmanbrown.com); (ii) counsel to any Committee appointed in these Chapter 11 Cases; (iii) counsel to the Prepetition Lender and the DIP Lender, (a) Blake, Cassels & Graydon LLP, 855 - 2nd Street S.W., Suite 3500, Bankers Hall East Tower, Calgary, Alberta, T2P 4J8, Attn: Kelly Bourassa (kelly.bourassa@blakes.com), Christopher Keliher (christopher.keliher@blakes.com), Erik Fleming (erik.fleming@blakes.com), and Austin Beck (Austin.Beck@blakes.com), (b) Chapman and Cutler LLP, 320 South Canal Street, Chicago, Illinois 60606, Attn: Stephen R. Tetro II and James P. Sullivan, (stetro@chapman.com) and (jsulliva@chapman.com), and (c) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Matthew P. Ward, (matthew.ward@wbd-us.com); and (iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (Benjamin.a.hackman@usdoj.gov).

(d) ***No Objection Timely Filed***. If no objection to the rejection of any Contract or Lease or abandonment of any Abandoned Property described in a Rejection Notice is timely filed, each Contract or Lease listed therein shall be rejected as of the applicable Rejection Date, or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided, however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the property by notifying the affected party in writing of the Debtors' surrender of the property and (A) turning over keys, key codes, and security codes, if any, to the affected party or (B) notifying the affected party in writing that the keys, key codes, and security codes, if any, are not available but the party may reclaim the leased property; provided, further, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

(e) ***Unresolved Timely Objection***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least fourteen (14) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

(f) ***Removal from Schedule***. The Debtors reserve the right to remove any Contract or Lease from the schedule to a Rejection Notice at any time prior to the Rejection Date, and shall notify the counterparty in writing of such removal.

(g) ***No Application of Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

(h) ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time through and including the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract (the "**Abandoned Property**").  The Debtors shall provide a general description of any known Abandoned Property in the applicable Rejection Notice, shall use reasonable good faith efforts to (i) identify therein third parties with a known interest in such Abandoned Property, if any, and (ii) describe such Abandoned Property in sufficient detail to permit identification of the same, and shall serve such Rejection Notice on any third parties known to have an interest in such Abandoned Property.  Absent a timely objection, and with the consent of the Debtors' DIP Lenders and Prepetition Lenders or as otherwise permitted by the Credit Documents, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable Lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.[4]  After the Rejection Date, contract counterparties to leases may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  Notwithstanding the foregoing, the personal property that the Debtors are authorized to abandon hereunder shall not include documents (including electronic documents) that are known to contain personally identifying information or business records relating to potential estate claims, causes of action or other litigation.

(i) ***Proofs of Claim***. Claims arising out of the rejection of Contract(s) or Lease(s), if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn, or (C) the date the Court enters an Order, if any, approving the applicable rejection.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

---

[4] If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

3. Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract or Lease by separate motion.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (f) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

- 6 -

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Rejection Procedures.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1]<br><br>Debtors. | ) <br>) Chapter 11 <br>) <br>) Case No. 23-10497 (CTG) <br>) <br>) (Jointly Administered) <br>) <br>) **Related Docket No.** |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

**PLEASE TAKE NOTICE** that on _____, 2023 the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order on the motion (the "**Motion**")[2] of debtors and debtors-in-possession (the "**Debtors**"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "**Procedures Order**") attached hereto as **Schedule 1**.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "**Rejection Notice**"), the Debtors hereby notify you that they have determined,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

[3] The Procedures Order is also available on the website of the Debtors' claims and noticing agent at https://kccllc.net/structurlam.

00048423.1

in the exercise of their business judgment, that each Contract or Lease set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "**Rejection Date**") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract or Lease agree.[4]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts or Leases must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' Chapter 11 Case no later than fourteen (14) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) proposed counsel to the Debtors, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); Robert A. Weber (weber@chipmanbrown.com); Mark L. Desgrosseilliers (desgross@chipmanbrown.com); and Mark D. Olivere (olivere@chipmanbrown.com); (ii) counsel to any Committee appointed in these Chapter 11 Cases; (iii) counsel to the Prepetition Lender and the DIP Lender, (a) Blake, Cassels & Graydon LLP, 855 - 2nd Street S.W., Suite 3500, Bankers Hall East Tower, Calgary, Alberta, T2P 4J8, Attn: Kelly Bourassa (kelly.bourassa@blakes.com), Christopher Keliher (christopher.keliher@blakes.com), Erik Fleming (erik.fleming@blakes.com), and Austin Beck (Austin.Beck@blakes.com), (b) Chapman and Cutler LLP, 320 South Canal Street, Chicago, Illinois 60606, Attn: Stephen R. Tetro II and James P. Sullivan, (stetro@chapman.com) and (jsulliva@chapman.com), and (c) Womble Bond Dickinson (US) LLP, 1313 North Market Street,

---

[4] An objection to the rejection of any particular Contract or Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract or Lease listed in this Rejection Notice must state with specificity the Contract or Lease to which it is directed. For each particular Contract or Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Procedures Order.

Suite 1200, Wilmington, Delaware 19801, Attn: Matthew P. Ward, (matthew.ward@wbd-us.com); and (iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (Benjamin.a.hackman@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract or Lease shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract or Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) or Lease(s) to which such objection relates. If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract or Lease agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, the Contract or Lease counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts and Leases otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that remains on any of the premises subject to a rejected Contract or Lease shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract(s) or Lease(s), you must do so by the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) calendar days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn, or (C) the date the Court enters an order, if any, approving the applicable rejection.  **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

| | |
|---|---|
| Dated: _____, 2023<br>       Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ DRAFT*_____<br>William E. Chipman, Jr. (No. 3818)<br>Robert A. Weber (No. 4013)<br>Mark L. Desgrosseilliers (No. 4083)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:     (302) 295-0191<br>Email:           chipman@chipmanbrown.com<br>                  weber@chipmanbrown.com<br>                  desgross@chipmanbrown.com<br>                  olivere@chipmanbrown.com<br><br>*Proposed Counsel to Debtors and Debtors in Possession* |