**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) Case No. 23-10497 (CTG) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 16 |

**ORDER (I) APPROVING BIDDING PROCEDURES, (II) APPROVING STALKING HORSE PROTECTIONS AND DEBTORS' ENTRY INTO STALKING HORSE PURCHASE AGREEMENT, (III) SCHEDULING THE BID DEADLINES AND THE AUCTION, (IV) SCHEDULING HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE SALE, (V) APPROVING THE FORM AND MANNER OF THE NOTICE THEREOF, (VI) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of (a) an order (this "Bidding Procedures Order"): (i) authorizing and approving the proposed bidding procedures (the "Bidding Procedures") attached hereto as **Exhibit 1**, in connection with the sale (the "Sale") of all, or substantially all, or any combination of the Debtors' assets (collectively, the "Assets"), free and clear of all liens, claims, interests, and encumbrances; (ii) approving the Stalking Horse Protections and the Debtors' entry into that certain Asset Purchase Agreement dated April 21, 2023, by and between the Debtors and Mercer International Inc. (the "Stalking Horse Purchaser"), attached hereto as **Exhibit 2** (the "Stalking Horse Purchase Agreement"), subject to higher or better offers in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion or the Bidding Procedures (defined herein), as applicable.

00048603.2

accordance with the terms of the Stalking Horse Purchase Agreement; (iii) scheduling an auction in connection with the Sale (the "Auction"), a hearing date for the approval of the Sale subject to the Court's availability (the "Sale Hearing"), and the objection deadlines for the Sale Hearing (collectively, the "Sale Schedule"); (iv) approving the form and manner of notice of the Auction and Sale, attached hereto as **Exhibit 3** (the "Auction and Sale Notice"); (v) approving procedures (the "Assumption and Assignment Procedures") for the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale (collectively, the "Assigned Contracts"), and approving the form and manner of the Cure Notice; and (vi) granting related relief, and (b) an order (the "Sale Order"), substantially in the form attached to the Motion as Exhibit B, (i) authorizing the Sale to the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not selected as the Winning Bidder in accordance with the Bidding Procedures, to the Winning Bidder free and clear of all liens, claims, interests, and encumbrances; (ii) authorizing the assumption and assignment of the Assigned Contracts; and (iii) granting related relief all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard any statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND DETERMINED THAT:**

A. In the Motion and at the Hearing on the relief set forth herein, the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order (including, without limitation, with respect to the Bidding Procedures and the Stalking Horse Protections) has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

B. The Auction and Sale Notice (as defined herein), in substantially the form attached hereto as **Exhibit 3**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bidding Procedures, the auction for the Assets (the "Auction"), the Sale, and the Sale Hearing, and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

C. The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, and the Bidding Procedures are: (i) fair, reasonable, and appropriate; and (ii) designed to maximize recovery with respect to the Sale.

D. The Assumption and Assignment Procedures provided for herein and the Cure Notice (as defined herein), in substantially the form attached hereto as **Exhibit 4**, are reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Assumption and Assignment Procedures and the Cure Notice have

been tailored to provide an adequate opportunity for all Counterparties (as defined herein) to assert any Contract Objections (as defined herein).

      E.      The Debtors have articulated good and sufficient reasons and business justification for the Court to grant the relief requested in the Motion regarding the Stalking Horse Protections, consisting of the Expense Reimbursement and the Break-Up Fee. The Stalking Horse Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtors' estates and stakeholders.

      F.      If triggered in accordance with the terms of the Stalking Horse Purchase Agreement, the payment of the Stalking Horse Protections under this Order and upon the conditions set forth in the Stalking Horse Purchase Agreement and the Bidding Procedures, is (i) an actual and necessary cost of preserving the Debtors' estates, within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code, (ii) reasonably tailored to encourage, rather than hamper, bidding for the Assets, by providing a baseline of value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other bidders in the Sale process, thereby increasing the likelihood that the Debtors will receive the best possible price and terms for the Assets, (iii) of substantial benefit to the Debtors' estates and stakeholders and all parties in interest herein because it encouraged the Stalking Horse Purchaser to submit the Stalking Horse Purchase Agreement and is a condition of the Stalking Horse Purchase Agreement, (iv) reasonable and appropriate, (v) a material inducement for, and conditions necessary to, ensure that the Stalking Horse Purchaser will continue to pursue its proposed agreement to purchase the Assets, and (vi) reasonable in relation to the Stalking Horse Purchaser's efforts and to the magnitude of the Sale and the Stalking Horse Purchaser's lost opportunities resulting from the time spent pursuing such transaction

G.      Entry of this Order is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      Those portions of the Motion seeking approval of (a) the Bidding Procedures, attached hereto as **Exhibit 1**, (b) the Debtors' entry into the Stalking Horse Purchase Agreement attached hereto as **Exhibit 2** and all of its terms (subject to higher or otherwise better offers in accordance with the Stalking Horse Purchase Agreement and this Order), (b) the Assumption and Assignment Procedures, (c) the Stalking Horse Protections, (d) the date and time of the Sale Hearing, and (e) the noticing and objection procedures related to each of the foregoing, including, without limitation, the notice of the Sale and the entry of this Order, substantially in the form attached hereto as **Exhibit 3** (the "Auction and Sale Notice"), and the notice of the Debtors' potential assumption and assignment of executory contracts and unexpired leases (the "Executory Contracts") that may be Assigned Contracts, substantially in the form attached hereto as **Exhibit 4** (the "Cure Notice") (subclauses (a) – (e) above, collectively, the "Bidding and Auction Process"), are hereby GRANTED to the extent set forth herein.

2.      Any objections filed in response to the Motion as it pertains to the Bidding and Auction Process or the relief granted herein, to the extent not withdrawn, waived, or resolved as set forth herein or on the record at the Hearing, are hereby overruled and denied on the merits with prejudice.

**I.      Important Dates and Deadlines**

3.      The following dates and deadlines are hereby approved as set forth below and subject to modification in accordance with the Bidding Procedures.

    (a)     <u>Sale Objection Deadline</u>. May 18, 2023, at 4:00 p.m. (prevailing Eastern Time) is the deadline (the "Sale Objection Deadline") by which all objections to the Sale, other than (i) an objection to the Sale filed by the

      Committee or (ii) a Contract Objection or Winning Bidder Adequate Assurance Objection, must be filed with the Court. Replies to any such objections shall be filed with the Court by May 29, 2023, at 12:00 p.m. (prevailing Eastern Time).

(b)  <u>Bid Deadline</u>. May 23, 2023, at 4:00 p.m. (prevailing Eastern Time), is the deadline by which Bids for the Assets (as well as the deposit and all other documentation required under the Bidding Procedures for Qualified Bidders) must be submitted.

(c)  <u>Contract Objection Deadline</u>. May 23, 2023, at 4:00 p.m. (prevailing Eastern Time) is the deadline (the "<u>Contract Objection Deadline</u>") by which Counterparties to Executory Contracts must file with the Court and serve on the Objection Notice Parties an objection with respect to (i) the assumption and assignment of the Counterparty's Executory Contract (including, without limitation, on the basis that the Stalking Horse Purchaser cannot provide adequate assurance of future performance) or (ii) the Cure Amount for any of its Executory Contracts.

(d)  <u>Committee Sale Objection Deadline</u>. May 23, 2023, at 4:00 p.m. (prevailing Eastern Time) is the deadline by which the Committee must file an objection, if any, to the Sale.

(e)  <u>Auction</u>. May 24, 2023, at 10:00 a.m. (prevailing Eastern Time) is the date and time that the Auction, if any, will be held via videoconference, or such later date, time, and location, as selected by the Debtors.

(f)  <u>Winning Bidder Adequate Assurance Objection Deadline</u>. May 26, 2023, at 4:00 p.m. (prevailing Eastern Time) is the deadline (the "<u>Winning Bidder Adequate Assurance Objection Deadline</u>") by which, in the event that the Stalking Horse Purchaser is not the Winning Bidder, Counterparties to Executory Contracts must file with the Court and serve on the Objection Notice Parties an objection with respect to the provision of adequate assurance of future performance by a Winning Bidder or Back-Up Bidder that is not the Stalking Horse Purchaser.

(g)  <u>Sale Hearing</u>. The hearing approving the Sale to the Winning Bidder shall take place before the Court on May 30, 2023, at 2:00 p.m. (prevailing Eastern Time).

**II. The Bidding Procedures**

4. The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale of the Assets. Any party desiring to bid on

one or more individual Assets or all or substantially all of the Assets shall comply with the Bidding Procedures and this Bidding Procedures Order. The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

### III. The Auction

5. If no timely Qualifying Bids other than the Stalking Horse Purchase Agreement are submitted on or before the Bid Deadline, the Debtors shall not hold an Auction and shall request at the Sale Hearing that this Court approve the Stalking Horse Purchase Agreement and the transactions contemplated thereunder. If the Debtors timely receive one or more Qualifying Bids other than the Stalking Horse Purchase Agreement, then the Debtors shall conduct the Auction, in accordance with the Bidding Procedures, on May 24, 2023 at 10:00 a.m. (prevailing Eastern Time), subject to any adjournment in accordance with the Bidding Procedures.

6. Only Qualified Bidders that have submitted Qualified Bids by the Bid Deadline are eligible to participate in the Auction, *provided* that the Stalking Horse Purchaser shall be considered a Qualified Bidder and the Stalking Horse Purchase Agreement shall be considered a Qualified Bid. If the Debtors receive two or more Qualified Bids with respect to the Assets or any combination thereof, as applicable, then the Debtors will conduct the Auction to determine the Winning Bidder (as defined below) with respect to such Assets. The Debtors and their professionals shall direct and preside over the Auction.

7. At the Auction, Qualified Bidders that have submitted Qualified Bids by the Bid Deadline will be entitled, but will not be obligated, to submit Overbids, and will be entitled in any such Overbids to credit bid all or a portion of the value of the secured portion of its claims within the meaning of section 363(k) of the Bankruptcy Code, subject to the limits on credit bidding set forth in the Bidding Procedures.

8. Any initial Overbid to the Stalking Horse Bid, which shall serve as the Baseline Bid, shall be no less than $62,900,000, consisting of $60,000,000 as the amount of the Stalking Horse Bid, *plus* $2,400,000 as the amount of the Stalking Horse Protections, *plus* $500,000.

9. Any subsequent Overbids shall be in increments of $500,000.

10. The Auction shall continue until the Debtors select, in their reasonable business judgment, pursuant to the Bidding Procedures and in consultation with the Consultation Parties, the highest or otherwise best Qualified Bid(s) for the Assets or any combination thereof, as applicable. Such Qualified Bid shall be declared the Winning Bid, and such Qualified Bidder shall be declared the Winning Bidder, and upon such declaration of the Winning Bid and the Winning Bidder, the Auction will be closed.

11. The Debtors may reject any Bid (regardless of whether such Bid is a Qualified Bid) that, in the Debtors' business judgment, is (a) inadequate, insufficient, or not the highest or best Bid, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bidding Procedures, or (c) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest.

**IV.    Notice Procedures**

12. The Auction and Sale Notice substantially in the form attached hereto as **Exhibit 3** is approved.

13. Within three (3) business days of the entry of this Bidding Procedures Order, the Debtors shall serve the Auction and Sale Notice upon: (a) the U.S. Trustee; (b) counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"); (c) counsel to the Prepetition Lender; (d) counsel to the DIP Lender; (e) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) all

other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules; (i); all parties who have asserted a lien or security interest against any of the Assets; and (j) all state attorneys general in states where the Assets are located.

14.     The Debtors shall post the Auction and Sale Notice, the Cure Notice, and the Bidding Procedures Order on the website of the Debtors' claims and noticing agent.

15.     Notice of the Motion coupled with service of the Auction and Sale Notice (together the "Notice"), constitutes good and adequate notice of the Auction and Sale and the proceedings with respect thereto in compliance with, and satisfaction of, the applicable requirements of Bankruptcy Rule 2002.

16.     No other or further notice of the Auction and Sale shall be required.

17.     Any objections to the Sale or the relief requested in connection with the Sale (a "Sale Objection"), other than a Contract Objection or Winning Bidder Adequate Assurance Objection, which shall each be governed by the Assumption and Assignment Procedures, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (i) with respect to all parties other than the Committee, **on or before 4:00 p.m. (ET) on May 18, 2023** (the "Sale Objection Deadline") and (ii) with respect to the Committee, **on or before 4:00 p.m. (ET) on May 23, 2023**, and proof of service of such Sale Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; and (e) be served upon the Objection Notice Parties.  If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party may be barred from objecting to the Sale and being

heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

18. The Debtors and any other entity shall have until **one (1) calendar day prior to the Sale Hearing at 12:00 p.m. (prevailing Eastern Time)** to file and serve a reply to any objection filed in connection with the Sale, including, without limitation, any Sale Objection, Contract Objection, or Winning Bidder Adequate Assurance Objection.

V. **The Assumption and Assignment Procedures**

19. The following "Assumption and Assignment Procedures" are hereby approved:

   a. On or before the date that is three (3) business day after the entry of this Bidding Procedures Order, the Debtors shall file the Cure Notice with the Court and serve the Cure Notice on each Counterparty to an Executory Contract, including counsel to each Counterparty, if known, via email.

   b. The Cure Notice shall include, without limitation, the cure amount, if any, that the Debtors believe is required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the Executory Contracts in the event such Executory Contracts are assumed and assigned by the Debtors (the "Cure Amount"). If a Counterparty objects to (i) the assumption and assignment of the Counterparty's Executory Contract (including, without limitation, on the basis that the Stalking Horse Purchaser cannot provide adequate assurance of future performance) or (ii) the Cure Amount for any of its Executory Contracts, the Counterparty must file with the Court and serve on the Objection Notice Parties (as defined herein) a written objection (a "Contract Objection") on or before the applicable objection deadline set forth in these Assumption and Assignment Procedures.

   c. Any Contract Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 **on or before 4:00 p.m. (prevailing Eastern Time) on May 23, 2023** (the "Contract Objection Deadline"), and proof of service of such Contract Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; (iv) be served upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated Cure Amount and the legal and factual bases for any unliquidated Cure Amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) & (B) of the Bankruptcy Code for the Assigned Contract, along with the

        specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto and any objection to the provision of adequate assurance of future performance by the Stalking Horse Purchaser.

d.     In the event that the Stalking Horse Purchaser is not the Winning Bidder, the deadline to object to the provision of adequate assurance of future performance by a Winning Bidder or Back-Up Bidder that is not the Stalking Horse Purchaser (a "<u>Winning Bidder Adequate Assurance Objection</u>") shall be **<u>4:00 p.m. (prevailing Eastern Time) on May 26, 2023</u>**, and any Winning Bidder Adequate Assurance Objections must be filed and served in the same manner as Contract Objections.

e.     The "<u>Objection Notice Parties</u>" are as follows: (i) proposed counsel to the Debtors, Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: William E. Chipman, Jr. (chipman@chipmanbrown.com); Robert A. Weber (weber@chipmanbrown.com); Mark L. Desgrosseilliers (desgross@chipmanbrown.com); and Mark Olivere (olivere@chipmanbrown.com); (ii) proposed counsel to the Committee (a) Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Matthew B. Harvey (mharvey@morrisnichols.com) and (b) Buchalter, P.C., 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017 Attn: Julian I. Gurule (jgurule@buchalter.com) and Khaled Tarazi (ktarazi@buchalter.com); (iii) counsel to the Prepetition Lender and the DIP Lender, (a) Blake, Cassels & Graydon LLP, 855 - 2nd Street S.W., Suite 3500, Bankers Hall East Tower, Calgary, Alberta, T2P 4J8, Attn: Kelly Bourassa (kelly.bourassa@blakes.com), Christopher Keliher (christopher.keliher@blakes.com), Erik Fleming (erik.fleming@blakes.com), and Austin Beck (Austin.Beck@blakes.com) (b) Chapman and Cutler LLP, 320 South Canal Street, Chicago, Illinois 60606 (Attn: Stephen R. Tetro II and James P. Sullivan), email: stetro@chapman.com and jsulliva@chapman.com, and (c) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew P. Ward), email: matthew-ward@wbd-us.com; and (iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin.A.Hackman (Benjamin.a.hackman@usdoj.gov).

f.     Within one (1) day after the cancellation or completion of the Auction, the Debtors shall file with the Court a notice identifying the Winning Bidder (a "<u>Notice of Winning Bidder</u>"), which shall set forth, among other things, (i) the Winning Bidder and Back-Up Bidder (if any) and the amount of each of the Winning Bid and the Back-Up Bid (if any), (ii) the Assigned Contracts (as defined herein), as determined at such time and subject to the

        provisions of subsection (j) of these Assumption and Assignment Procedures, and (iii) the proposed assignee(s) of such Assigned Contracts, and serve the Notice of Winning Bidder by overnight mail and, if available, electronic mail, upon each affected Counterparty and its counsel (if known).

g.    At the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to the Winning Bidder of only those Executory Contracts, that have been selected by the Winning Bidder to be assumed and assigned (each, an "<u>Assigned Contract</u>," and collectively, the "<u>Assigned Contracts</u>").

h.    If no Contract Objection or Winning Bidder Adequate Assurance Objection, as applicable, is timely received with respect to an Assigned Contract: (i) the Counterparty to such Assigned Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Winning Bidder of the Assigned Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Winning Bidder); (ii) any and all defaults under the Assigned Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount for such Selected Purchased Contract shall be controlling, notwithstanding anything to the contrary in such Assigned Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Assigned Contract against the Debtors and their estates or the Winning Bidder, or the property of any of them, that existed prior to the entry of the Sale Order.

i.    To the extent that the Debtors and a Counterparty are unable to consensually resolve any such Contract Objection or Winning Bidder Adequate Assurance Objection, as applicable, prior to the commencement of the Sale Hearing, such Contract Objection Winning Bidder Adequate Assurance Objection, as applicable, will be adjudicated at the Sale Hearing or at such other date and time as may be determined by the Debtors, in consultation with the Winning Bidder, or otherwise fixed by the Court. To the extent that (i) the Debtors settle a Contract Objection or Winning Bidder Adequate Assurance Objection or (ii) the Court enters an order resolving the Contract Objection or Winning Bidder Adequate Assurance Objection, and such settlement or order is not acceptable to the Winning Bidder, the Winning Bidder shall have the option to designate the relevant Executory Contract as no longer an Assigned Contract, in which case such Contract shall not be assumed by the Debtors or assigned to the Winning Bidder, and neither the Debtors nor the Winning Bidder shall be responsible for any Cure Amounts related to such Contract.

      j.      Notwithstanding anything to the contrary herein, if, after the Sale Hearing or the entry of the Sale Order, additional executory contracts or unexpired leases of the Debtors are determined to be Assigned Contracts, as soon as practicable thereafter, the Debtors shall file with the Court and serve, by overnight mail (and email, if known), on the Counterparties a Cure Notice, and such Counterparties shall file any Contract Objections (including, without limitation, with respect to adequate assurance of future performance of the Winning Bidder and the Cure Amount) not later than seven (7) days thereafter. If no Contract Objection is timely received, the Debtors shall be authorized to assume and assign such Assigned Contracts to the Winning Bidder, without further notice to creditors or other parties in interest and without the need for further order of the Court, and such assumption and assignment shall be subject to the terms of the Sale Order.

20.    The Debtors' decision to assume and assign the Assigned Contracts to the Winning Bidder is subject to this Court's approval and the closing of the Sale. Accordingly, absent this Court's approval and the closing of the Sale, the Assigned Contracts shall not be deemed assumed or assumed and assigned and shall in all respects be subject to further administration by the Debtors and their estates under the Bankruptcy Code in connection with these Chapter 11 Cases.

21.    The notice to be provided under the Assumption and Assignment Procedures shall constitute adequate and sufficient notice and no additional notice need be provided.

22.    Within three (3) business days of the entry of this Order, the Debtors shall file with the Court, and serve on the Counterparties, the Cure Notice, substantially in the form attached hereto as **Exhibit 3**.

23.    Service of a Cure Notice or inclusion of an Executory Contract on a Cure Notice does not constitute any admission or agreement of the Debtors that such Executory Contract is an executory contract or unexpired lease or that such Executory Contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Winning Bid.

24.    The Auction and Sale Notice, the Cure Notice, the Bidding Procedures, the Auction, the Sale Hearing, and the Assumption and Assignment Procedures and the objection periods associated with each of the foregoing are reasonably calculated to provide notice to any

affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Bidding Procedures, the Auction, the Sale, the Sale Hearing, and the assumption and assignment the Winning Bidder of the Assigned Contracts pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and such notice and objection periods are hereby approved.

25.    The Assumption and Assignment Procedures are appropriate and fair to all Counterparties and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Cure Notice is: (a) reasonably calculated to (i) provide sufficient, effective notice to all Counterparties and any other affected parties of the Debtors' intent to assume and assign to the Winning Bidder some or all of the Assigned Contracts and (ii) afford the Counterparties the opportunity to exercise any rights affected by the Motion and the relief granted by this Order pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006; and (b) hereby approved.

**VI.    Miscellaneous**

26.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion.

27.    Prior to mailing the Auction and Sale Notice or the Cure Notice, as applicable, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

28.    The failure to include or reference a particular provision of the Bidding Procedures specifically in this Bidding Procedures Order shall not diminish or impair the effectiveness or enforceability of such provision.

29.    In the event of any inconsistency between this Order, on the one hand, and the Motion or the Bidding Procedures, on the other hand, this Order shall govern in all respects.

30. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Bidding Procedures Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

31. The requirements of Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

32. The requirements of Local Rules 9006-1(c)(ii) are hereby waived.

33. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Bidding Procedures Order.

**Dated: May 8th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**