# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) ) ) | Case No. 23-10497 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

## NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES AND (II) CURE AMOUNTS AND ADEQUATE ASSURANCE IN CONNECTION THEREWITH

**You are receiving this notice because you may be a counterparty to a contract or lease with the above-captioned debtors and debtors in possession. Please read this notice carefully as your rights may be affected by the potential transactions described herein.**

a. On April 24, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Motion Seeking Entry of an Order (A)(I) Approving Bidding Procedures, (II) Approving Stalking Horse Protections and Debtors' Entry into Stalking Horse Purchase Agreement (III) Scheduling the Bid Deadline and the Auction, (IV) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (V) Approving the Form and Manner of the Notice Thereof, (VI) Approving Contract Assumption and Assignment Procedures, and (VII) Granting Related Relief and (B)(I) Approving the Sale of the Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 16] (the "Motion").[2]

b. On May 8, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain order approving, among other things, the implementation of the Bidding Procedures in connection with the sale of all, substantially all, or any combination of the Debtors' assets [Docket No. 87] (the "Bidding Procedures Order") a copy of which is attached hereto as **Exhibit I**, approving certain relief requested in the Motion, including (a) the Bidding Procedures, a copy of which is attached hereto as **Exhibit II**, and (b) procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures Order (defined herein), as applicable.

(collectively, the "Executory Contracts"). Pursuant to the Bidding Procedures Order, a final hearing to approve the Sale (the "Sale Hearing") is scheduled to take place on May 30, 2023, at 2:00 p.m. (prevailing Eastern Time) before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

      c.      The Debtors hereby provide notice (the "Cure Notice") that they may assume and assign the Executory Contracts listed on **Exhibit III**, attached hereto, to the Stalking Horse Purchaser or, if the Stalking Horse Purchaser is not selected as the Winning Bidder for the Debtors' Assets in accordance with the Bidding Procedures, then the Winning Bidder. The Debtors' records reflect that, other than the cure amounts listed on the Cure Notice (the "Cure Amount"), there are no defaults under such Executory Contracts. The Cure Notice also sets forth any proposed assurance of future performance (the "Adequate Assurance") with respect to each Executory Contract.

      d.      To the extent that a Counterparty to an Executory Contract objects to a proposed assumption and assignment of such Executory Contract or the proposed Cure Amount or Adequate Assurance for such Executory Contract, such Counterparty must file and serve and objection (a "Contract Objection"). Any Contract Objection must (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 **on or before 4:00 p.m. (prevailing Eastern Time) on May 23, 2023** (the "Contract Objection Deadline"), and proof of service of such Contract Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; (iv) be served upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated Cure Amount and the legal and factual bases for any unliquidated Cure Amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) & (B) of the Bankruptcy Code for the Assigned Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto and any objection to the provision of Adequate Assurance by the Stalking Horse Purchaser.

      e.      In the event that the Stalking Horse Purchaser is not the Winning Bidder, the deadline to object to the provision of Adequate Assurance by a Winning Bidder or Back-Up Bidder that is not the Stalking Horse Purchaser (a "Winning Bidder Adequate Assurance Objection") shall be **4:00 p.m. (prevailing Eastern Time) on May 26, 2023**, and any Winning Bidder Adequate Assurance Objections must be filed and served in the same manner as Contract Objections.

      f.      If any Contract Objection or Winning Bidder Adequate Assurance Objection is timely filed, and the parties are unable to consensually resolve the dispute, such objection will be resolved at the Sale Hearing.

      g.      If any Contract Objection or Winning Bidder Adequate Assurance Objection is not satisfactorily resolved, the Winning Bidder may determine that such Executory Contract should be rejected and not assigned, in which case the Winning Bidder will not be responsible for any Cure Amount or Adequate Protection with respect to such contract.

   h.  If you do not timely file and serve an objection as stated above, the Court may grant the relief requested in the Motion with no further notice or hearing and any party to an Executory Contracts that is so assumed will deemed to have consented to the assumption and assignment of the assigned contract and the Cure Amount, if any, and will be forever barred from objecting to the assumption and assignment of such assigned contract and rights thereunder, including the Cure Amount, if any, and from asserting any other claims related to such assigned contract against the Debtors or the Winning Bidder.

   i.  Notwithstanding the foregoing, the inclusion of Executory Contracts on **Exhibit III** hereto, does not (a) obligate the Debtors to assume any Executory Contract listed thereon or obligate the Winning Bidder to take assignment of such Executory Contract; or (b) constitute any admission or agreement of the Debtors that such Executory Contract is an executory contract or unexpired lease. Only those Executory Contracts that are included on a schedule of assumed and assigned contracts attached to the definitive sale agreement with the Winning Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Winning Bidder.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 9, 2023
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Email:         chipman@chipmanbrown.com
               weber@chipmanbrown.com
               desgross@chipmanbrown.com
               olivere@chipmanbrown.com

*Proposed Counsel to Debtors and Debtors in Possession*