# **EXHIBIT A**

**Structurlam**
**Liquidation Analysis**
**Subject to Revision**
$'000

| | Notes | SMTU Book Value | SMTU Estimated Recovery under the Plan Scenario A | SMTU Estimated Recovery under the Plan Scenario B | SMTU Estimated Liquidation Value under Chapter 7 | SMTC Book Value | SMTC Estimated Recovery under the Plan Scenario A | SMTC Estimated Recovery under the Plan Scenario B | SMTC Estimated Liquidation Value under Chapter 7 | SLP Book Value | SLP Estimated Recovery under the Plan Scenario A | SLP Estimated Recovery under the Plan Scenario B | SLP Estimated Liquidation Value under Chapter 7 | NOLLC Book Value | NOLLC Estimated Recovery under the Plan Scenario A | NOLLC Estimated Recovery under the Plan Scenario B |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash | A | 21,593 | 21,593 | 22,678 | 21,593 | 1,647 | 1,647 | 2,022 | 1,647 | - | - | - | - | - | - | - |
| Additional recoveries | B | - | - | - | - | - | 2,773 | 5,456 | 2,562 | - | - | - | - | - | - | - |
| **Estimated Proceeds from Liquidation of Assets** | | **21,593** | **21,593** | **22,678** | **21,593** | **1,647** | **4,421** | **7,479** | **4,209** | **-** | **-** | **-** | **-** | **-** | **-** | **-** |
| Administrative Claims | C | | | | | | | | | | | | | | | |
| Chapter 7 Trustee Fees | D | | N/A | N/A | 648 | | N/A | N/A | 126 | | | | | | | |
| Chapter 7/Post Confirmation Trustee Professional Fees | E | | 350 | 250 | 750 | | 250 | 150 | 350 | | | | | | | |
| Wind down Costs | F | | 150 | 100 | 250 | | 100 | 75 | 150 | | | | | | | |
| **Net Proceeds Available after Administrative Claims** | | | **21,093** | **22,328** | **19,945** | | **4,071** | **7,254** | **3,583** | | - | - | - | | - | - |
| Priority Claims | G | - | - | - | - | 42 | 42 | 42 | 42 | - | - | - | - | - | - | - |
| **Return to General Unsecured Creditors** | | | **21,093** | **22,328** | **19,945** | | **4,029** | **7,212** | **3,541** | | **-** | **-** | **-** | | **-** | **-** |
| General Unsecured Claims | H | 103,045 | 103,045 | 56,531 | 103,045 | 42,626 | 42,626 | 42,626 | 42,626 | 81,131 | 81,131 | 81,131 | 81,131 | 7 | 7 | 7 |
| Preliminary rejections - 1st round | H | | (3,265) | (3,265) | (3,265) | | (23,616) | (23,616) | (23,616) | | (444) | (444) | (444) | | (7) | (7) |
| **Adjusted - General Unsecured Claims** | H | | **99,780** | **53,266** | **99,780** | | **19,010** | **19,010** | **19,010** | | **80,688** | **80,688** | **80,688** | | **-** | **-** |
| **Estimated Recovery for General Unsecured Creditors** | H | | 21.1% | 41.9% | 20.0% | | 21.2% | 37.9% | 18.6% | | 0.0% | 0.0% | 0.0% | | N/A | N/A |

## Introduction

Under the "best interests of creditors" test set forth in section 1129(a)(7) of the Bankruptcy Code, the Bankruptcy Court may not confirm a plan of reorganization unless the plan provides holders of allowed claims or interest that does not otherwise vote in favor of the plan with property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code.

As set forth in the attached hypothetical liquidation analysis (the "Liquidation Analysis"), and subject to the assumptions and limitations set forth herein and therein, and in the Combined Disclosure Statement and Plan (the "Plan") of Structurlam Mass Timber U.S., Inc. ("SMTU"); Natural Outcomes, LLC ("NOLLC"); Structurlam Mass Timber Corporation ("SMTC"); and SLP Holdings Ltd. ("SLP, together with SMTU, NOLLC and SMTC, "Structurlam" or the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"), the Plan satisfies the best interests of creditors test.

The Liquidation Analysis sets forth, as part of its sensitivity analysis and estimated range of recovery, values for each Class of Claims and Interests upon the disposition of assets pursuant to a hypothetical Chapter 7 liquidation. As outlined herein, the Debtors and the Committee believe that confirmation of the Plan will serve the best interests of all interested parties. The recoveries realized by creditors under the Plan at this point in the Debtors' Chapter 11 Cases, are not less than what such creditors might otherwise realize from a liquidation under chapter 7 of the Bankruptcy Code.

## Statement of Limitations

The preparation of a liquidation analysis is an uncertain process involving the use of estimates and assumptions that, although considered reasonable by the Debtors based upon the Debtors' business judgment and input from its advisors, are subject to significant uncertainties and contingencies, including environmental, business, and economic considerations. Many such contingencies are difficult to predict and generally and unequivocally beyond the control of the Debtors and their advisors. There will be differences between the assumptions and the actual results and events and those differences may be material. Unanticipated events and circumstances could materially affect the ultimate results in an actual Chapter 7 liquidation. The underlying financial information in the Liquidation Analysis and values stated herein have not been subject to any review, compilation, or audit by any independent accounting firm. In addition, the assumptions and decisions are subject to change. As a result, the actual amount of claims against the Debtors' estate could vary significantly from the estimates stated herein, depending on the nature and amount of claims asserted during the pendency of any Chapter 7 case.

**Structurlam Mass Timber U.S. Inc., *et al***
**Liquidation Analysis**
**Subject to Revision**

The Liquidation Analysis does not include estimates for: (i) the tax consequences, if any that may be triggered upon the liquidation and sale of assets, (ii) recoveries resulting from any potential preference, fraudulent transfer, or other litigation or avoidance actions, or (iii) certain claims that may be entitled to priority under the Bankruptcy Code, including administrative priority claims under sections 503(b) and 507(b) of the Bankruptcy Code.  More specific assumptions are detailed in the notes below.

ACCORDINGLY, NONE OF THE (I) DEBTORS NOR ANY OF THEIR ADVISORS, COUNSEL, OFFICERS, STAKEHOLDERS, BOARD MEMBERS, OR ANY PERSONNEL ASSOCIATED WITH THE DEBTORS OR (II) THE COMMITTEE NOR ANY OF ITS ADVISORS, COUNSEL, OR MEMBERS MAKE ANY REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS OF A LIQUIDATION OF THE DEBTORS WOULD OR WOULD NOT, IN WHOLE OR IN PART, APPROXIMATE THE ESTIMATES AND ASSUMPTIONS REPRESENTED HEREIN. THE ACTUAL LIQUIDATION VALUE OF THE DEBTORS IS SPECULATIVE, AND RESULTS COULD AND WILL VARY MATERIALLY FROM ESTIMATES PROVIDED HEREIN.  ALL READERS MUST PERFORM THEIR OWN ANALYSIS DRAWING THEIR OWN CONCLUSIONS.

In preparing the Liquidation Analysis, the Debtors estimated Allowed Claims based upon a review of Claims listed on the Debtors' Schedules of Assets and Liabilities, Proofs of Claim filed in the Chapter 11 Case, and the Debtors' financial statements to account for other known liabilities, as necessary. In addition, the Liquidation Analysis includes estimates for Claims not currently asserted in the Chapter 11 Cases, but which could be asserted and allowed in a chapter 7 liquidation, including unpaid Chapter 11 Administrative Claims, and chapter 7 administrative claims such as wind down costs, trustee fees, and professional fees. To date, the Bankruptcy Court has not estimated or otherwise fixed the total amount of Allowed Claims used for purposes of preparing this Liquidation Analysis. Therefore, the Debtors' estimate of Allowed Claims set forth in the Liquidation Analysis should not be relied on for any other purpose, including determining the value of any distribution to be made on account of Allowed Claims and Interests under the Plan. NOTHING CONTAINED IN THE LIQUIDATION ANALYSIS IS INTENDED TO BE OR CONSTITUTES A CONCESSION OR ADMISSION OF THE DEBTORS, OR A WAIVER OF ANY RIGHTS TO OBJECT TO ANY CLAIM INCLUDED HEREIN. THE ACTUAL AMOUNT OF ALLOWED CLAIMS IN THE CHAPTER 11 CASES COULD MATERIALLY DIFFER FROM THE ESTIMATED AMOUNTS SET FORTH IN THE LIQUIDATION ANALYSIS.

**Structurlam Mass Timber U.S. Inc.,** *et al*
**Liquidation Analysis**
**Subject to Revision**

**Basis of Presentation**

The Liquidation Analysis has been prepared assuming that the Debtors convert the current Chapter 11 cases to Chapter 7 of the Bankruptcy Code on or about December 15, 2023 (the "Liquidation Date"), which is the currently anticipated effective date of the Plan. Except as otherwise noted herein, the Liquidation Analysis is based upon the projected balances and unaudited financial information of the Debtors which values, in total, are assumed to be representative of the Debtors' assets and liabilities as of the Liquidation Date.

**Conclusion**

As illustrated by the Liquidation Analysis, under a Chapter 7 liquidation, holders of General Unsecured Claims and other Impaired Claims and Interests would receive the following recoveries outside of highly speculative litigation recoveries:
- SMTU: 20.0%;
- SMTC: 18.6%; and
- SLP and NOLLC: 0%.

Such other (speculative) recoveries would potentially be available in either scenario, without the additional administrative burden of a Chapter 7. Accordingly, and as set forth in greater detail below, the Plan satisfies the "best interests of creditors" test set forth in section 1129(a)(7) of the Bankruptcy Code.

**Structurlam Mass Timber U.S. Inc.,** *et al*
**Liquidation Analysis**
**Subject to Revision**

**Detailed Assumptions**

General Note:
Structurlam sold substantially all of its assets to a purchaser through a Chapter 11 363 Sale Process on June 15, 2023. The liquidation analysis contains projected realization estimates for the remaining "left behind" assets which consist primarily of cash on hand and aged accounts receivables. This liquidation analysis uses "Scenario A" and "Scenario B" to represent a range of realizations for the Debtors' respective creditors depending on ultimate asset recoveries and settled claims.

[A] **Cash and Cash Equivalents:** Consists of projected unrestricted cash in the Debtors' bank accounts as of the Liquidation Date. The estimated recovery from this asset category will vary depending on final accounts receivables collections and the final amount of Chapter 11 Administrative Claims and wind-down costs.

[B] **Additional Recoveries**: Additional recoveries for SMTC represent the potential distribution from SMTU to SMTC for the intercompany claim of approximately $12.8 million due from SMTU to SMTC. None of the scenarios include any potential proceeds from potential Causes of Action that may be undertaken by the Debtors/ Post Confirmation Trustee/Chapter 7 Trustee.

[C] **Administrative Claims**: The Liquidation Analysis assumes a chapter 7 proceeding takes approximately 3 to 6 months from the Liquidation Date. This timeline would afford time to complete the claims adjudication and assess the collectability of any potential recoveries.

[D] **Chapter 7 Trustee Fees:** Trustee fees include all fees that would be paid to the chapter 7 trustee, consistent with the Bankruptcy Code requirements. The Chapter 7 Trustee Fees are estimated using a graduating scale, as set forth in section 326 of the Bankruptcy Code, ranging from 25% on the first distribution of $5,000 to 3.0% for the distribution in excess of $1,000,000.

[E] **Chapter 7/Post Confirmation Trustee Professional Fees**: Professional Fees and US Trustees Fees are projected to be funded immediately prior to the assumed effective date with funds designated for payment of professional fees and U.S. Trustee fees. If funding were delayed, the Debtors' cash and equivalents would be increased by an identical amount. The estimate does not take into account any additional professional fees that may be incurred if the Chapter 7 Trustee/Post Confirmation Trustee have to take part in any contentious litigation proceedings.

[F] **Wind down costs**: Consists of expenses for personnel in relation to claims review and potential accounts receivable collections.

[G] **Priority/Section 503(b)(9) Claims**: Pursuant to claims filed as of Bar Date. Amount subject to review by the Debtor.

**Structurlam Mass Timber U.S. Inc.,** *et al*
**Liquidation Analysis**
**Subject to Revision**

[H] **General Unsecured Claims**: This amount is subject to material change due to ongoing review and revision by the Debtor. Adjusted General Unsecured Claims represent claim amounts upon preliminary review by the Debtors and are subject to further changes.

SMTU's Scenario A includes the largest claim at $81 million (face value of the proof of claim). Such amount has not been reviewed nor adjudicated. SMTU's Scenario B represents the potential adjustment of the said claim from $81 million to $34 million, pursuant to the contingent, unliquidated and disputed claim as filed in the Voluntary Petition [Docket No. 1]. The actual adjudicated claim amount may potentially range below $34 million to $81 million with further potential counterclaim offsets to be determined.