# **EXHIBIT B**

# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (the "Agreement") is made and entered into, as of _____, 2023, by and among: (i) Structurlam Mass Timber U.S., Inc.; Natural Outcomes, LLC; Structurlam Mass Timber Corporation; and SLP Holdings Ltd. (collectively, the "Debtors"), and (ii) Heather Barlow (the "Liquidating Trustee"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan (as hereinafter defined).

## RECITALS

The Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 21, 2023, which are jointly administered under case number 23-10497 CTG (the "Chapter 11 Cases").

On May 3, 2023, the U.S. Trustee appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee"), consisting of Simpson Strong-Tie Canada, Ltd. and TICOMTEC USA, Inc. On May 5, 2023, the U.S. Trustee appointed Broadhead Operating, d/b/a HMH Agency as the third member of the Committee.

On October __, 2023, the Debtors filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* ([as amended or modified from time to time,] the "Plan") with the Bankruptcy Court. The Bankruptcy Court entered its order confirming the Plan on _____, 2023.

Under the terms of the Plan, as of the Effective Date of the Plan, the Liquidating Trust Assets, consisting of the Estate Causes of Action and the Trust Funding, will be transferred to and held by the Liquidating Trust created by this Agreement so that, among other things: (i) the Liquidating Trust Assets can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to Claims can be pursued and Disputed Claims can be resolved; and (iii) Distributions can be made to the beneficiaries of the Liquidating Trust in accordance with the Plan.

This Liquidating Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidating Trustee. The Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

## DECLARATION OF TRUST

The Debtors hereby absolutely assign to the Liquidating Trust and its successors and assigns, all right, title and interest of the Debtors and their Estates in and to the Liquidating Trust Assets upon the terms and subject to the conditions set forth herein and for the benefit of the beneficiaries of the Liquidating Trust, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan. Upon termination of the Liquidating Trust in accordance with Article V hereof, this Agreement shall cease, terminate, and be of no further force and effect.

## I. NAME; PURPOSE; LIQUIDATING TRUST ASSETS

1.1 <u>Name of Trust</u>. The trust created by this Agreement shall be known as the "<u>Liquidating Trust</u>" or the "<u>Structurlam Liquidating Trust.</u>"

1.2 <u>Transfer of Liquidating Trust Assets</u>. In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their Estates shall be deemed to transfer, assign, and convey the Liquidating Trust Assets to the beneficiaries of the Liquidating Trust, followed by a deemed transfer by such beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the Holders, from time to time, of Allowed Class 3A, Class 3B, Class 3C and Class 4 Claims as and to the extent provided in the Plan (such holders collectively, the "<u>Trust Beneficiaries</u>"), on the terms and subject to the conditions set forth herein and in the Plan.

1.3 <u>Purposes</u>. The purpose of the Liquidating Trust is marshaling and liquidating the Trust Assets, prosecuting any Estate Causes of Action transferred to the Liquidating Trust to maximize recoveries for the benefit of the Liquidating Trust's beneficiaries, and making Distributions in an expeditious and orderly manner accordance with the Combined Disclosure Statement and Plan to the Liquidating Trust's beneficiaries, pursuant to Revenue Procedure 94-45, 1994-2 C.B. 684, with no objective to continue or engage in the conduct of a trade or business in accordance with Treas. Reg. § 301.7701-4(d). The Liquidating Trust is intended to qualify as a "grantor trust" for federal income tax purposes and, to the extent permitted by applicable law, for state and local income tax purposes, with the Liquidating Trust's beneficiaries treated as grantors and owners of the trust. The term of the Liquidating Trust will not exceed five years, unless court approval is obtained within the six months of the extended term. The term of the Liquidating Trust will automatically extend during the pendency of any motion to extend the term.

1.4 <u>Acceptance by the Liquidating Trustee</u>. The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan, including, without limitation, to accept, hold and administer the Liquidating Trust Assets and otherwise to carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein.

1.5 <u>Further Assurances</u>. The Debtors and any successors in interest will, on request of the Liquidating Trustee, execute and deliver such further documents and perform such further acts as may be necessary or proper to transfer to the Liquidating Trustee any portion of the Liquidating Trust Assets or to vest in the Liquidating Trust the powers or property hereby conveyed. The Debtors, for themselves and their predecessors and successors, disclaim any right to any reversionary interest in any of the Liquidating Trust Assets., but nothing herein will limit the right and power of the Liquidating Trustee to abandon any Liquidating Trust Assets to the Debtors in the event the Liquidating Trustee determines it is in the best interests of the Liquidating Trust and its beneficiaries to do so.

1.6 <u>The Liquidating Trust Oversight Committee</u>.

(a) As provided in section VIII. D.1 of the Plan, the Liquidating Trust oversight committee (the "<u>Oversight Committee</u>") shall consist of three members that are existing creditors

of the Debtors' estates that are not Class 4 interest holders appointed by the Committee. On the Effective Date, the Oversight Committee members shall be Simpson Strong-Tie Canada, Ltd., TICOMTEC USA, Inc. and Broadhead Operating, d/b/a HMH Agency. The Oversight Committee shall at all times consist of three members. In the event that any member of the Oversight Committee resigns or is otherwise unable to serve, the Liquidating Trustee shall appoint a new member, provided that any such new member shall be a holder of a Class 3A, 3B or 3C Claim. The Liquidating Trustee shall have authority to exclude any Oversight Committee member from any deliberations, or withhold any information from any Oversight Committee member, regarding matters affecting the Liquidating Trust or Liquidating Trust Assets in which such excluded member has a conflict of interest. The non-conflicted members of the Oversight Committee may overrule the Liquidating Trustee's decision to exclude or withhold information from a conflicted member by unanimous vote. Any Oversight Committee member that is excluded from deliberations or denied access to information under this Section may challenge the Liquidating Trustee's determination.

(b) On, or as soon as practicable after the Effective Date, the Oversight Committee shall elect a chair (the "Chair") and a vice-chair (the "Vice-Chair"). The Vice-Chair will serve in the Chair's stead in the case of absence.

(c) The Oversight Committee shall consult with the Liquidating Trustee from time to time on matters including, without limitation, objections to Claims, Estate Causes of Action, Distributions and other matters affecting the administration of the Liquidating Trust. The Liquidating Trustee shall consult with the Oversight Committee on all material decisions; provided, however, the Liquidating Trustee shall retain sole decision-making authority as trustee of the Liquidating Trust. The Oversight Committee shall have the power to remove the Liquidating Trustee only upon a showing of cause as decided by the Bankruptcy Court pursuant to a Final Order.

(d) Any member of the Oversight Committee may resign upon reasonable notice to the Liquidating Trustee, counsel for the Liquidating Trustee and other members of the Oversight Committee. Fourteen (14) days prior written notice shall constitute reasonable notice under this Section. Any member of the Oversight Committee may be removed by the Bankruptcy Court for cause.

(e) Members of the Oversight Committee shall have fiduciary duties to the Trust Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee and shall be entitled to indemnification (except for bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing or malpractice) from the Liquidating Trust Assets in the same manner as the Liquidating Trustee for service as members of the Oversight Committee from and after the Effective Date of the Plan under or in connection with this Agreement. Except in the case of a violation of their fiduciary duties, bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing or malpractice (which violation of fiduciary duties, bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing or malpractice must be determined by a final, non-appealable order of a court of competent jurisdiction), the Oversight Committee shall not be liable for any

loss or damage by reason of any action taken or omitted by them pursuant to the discretion, powers and authority conferred, or in good faith believed by the Oversight Committee to be conferred, on the Oversight Committee by this Agreement or the Plan.

(f) The Liquidating Trustee shall report to the Oversight Committee on at least a quarterly basis, or such other period as subsequently agreed to between the Oversight Committee and the Liquidating Trustee, as to the status of all material litigation, Claims objections, and all other material matters affecting the Liquidating Trust.

(i) [Reserved]

(g) [Reserved]

(h) The members of the Oversight Committee shall be entitled to (i) reasonable compensation in the amount of $500 for attendance at and participation in each meeting of the Oversight Committee and (ii) reimbursement of actual, reasonable, and necessary out of pocket expenses incurred in the course of fulfilling their duties as an Oversight Committee member. All such compensation and reimbursement shall solely be made from the Liquidating Trust Assets.

1.7 _Valuation of Liquidating Trust Assets_. By no later than December 31, 2024, the Liquidating Trustee shall make or cause to be made a good faith valuation of the Liquidating Trust Assets. Such valuation shall be made available on an annual basis to the Trust Beneficiaries upon request, to the extent relevant, and used consistently by all parties (including the Debtors, the Liquidating Trustee and the beneficiaries of the Liquidating Trust, including Professional Fee Claims) including, for the avoidance of doubt, for all federal income tax purposes.

**II. RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE**

2.1 _General_. As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Liquidating Trust Assets and, subject to the provisions hereof and in the Plan, shall have full right, power and discretion to manage the affairs of the Liquidating Trust. Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose hereof and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of the Liquidating Trustee's duties hereunder. On and after the Effective Date, the Liquidating Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidating Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including, without limitation:

(a) To exercise all power and authority that may be or could have been exercised and take all actions that may be or could have been taken by the Debtors with like effect as if authorized, exercised and taken by unanimous action of the Debtors' partners, members, officers, directors and equity holders; including, without limitation, amendment of the certificates of incorporation and by-laws of the Debtors, merger of any Debtor into another Debtor, the dissolution of any Debtor and the assertion or waiver of the Transferred Privileges;

(b) To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement Distributions to beneficiaries of the Liquidating Trust as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves in accordance with the Plan and this Agreement, in the name of the Debtors or the Liquidating Trustee, even in the event of the dissolution of the Debtors;

(c) To make a good faith valuation of the Liquidating Trust Assets, as set forth herein;

(d) To object to any Claims (Disputed or otherwise) including, without limitation, the power to subordinate and recharacterize Claims by objection, motion, or adversary proceeding, and to defend, compromise and/or settle any Claims prior to or following objection and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court; provided that, for the avoidance of doubt, the settlement, compromise, or resolution of any Claim objection in which the amount in controversy exceeds $250,000 shall be submitted for approval by the Bankruptcy Court;

(e) To make decisions in consultation with the Oversight Committee, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Liquidating Trust and to pay, from the Liquidating Trust Assets, the charges incurred by the Liquidating Trust on or after the Effective Date for services of professionals, disbursements, expenses or related support services relating to the winding up of the Debtors and implementation of the Plan, without application to the Bankruptcy Court;

(f) To cause, on behalf of the Liquidating Trust, the Debtors, and their Estates all necessary tax returns and all other appropriate or necessary documents related to municipal, State, Federal or other tax law to be prepared or filed timely;

(g) To invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with the investment and deposit guidelines set forth in section 2.4 of this Agreement;

(h) To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Liquidating Trustee thereunder;

(i) To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization approved by the Oversight Committee, any assets that the Liquidating Trustee concludes are of no benefit to the Liquidating Trust beneficiaries or too impractical to distribute;

(j) To investigate (including pursuant to Bankruptcy Rule 2004), prosecute and/or settle any Estate Causes of Action (in consultation with the Oversight Committee), participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or

other non-judicial proceeding, litigate or settle such Estate Causes of Action on behalf of the Liquidating Trust and pursue to settlement or judgment such actions;

(k) To enter into, without Bankruptcy Court approval, the settlement of any Estate Cause of Action; provided that, any settlement, compromise, or resolution of any Estate Cause of Action in which the amount in controversy exceeds $250,000 shall be submitted for approval by the Bankruptcy Court;

(l) To use Liquidating Trust Assets to purchase or create and carry all appropriate insurance policies, bonds, or other means of assurance and protection of the Liquidating Trust Assets and pay all insurance premiums and other costs the Liquidating Trustee deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee, and if appropriate, the Oversight Committee;

(m) To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets;

(n) To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each of the Debtors until such time as such reports are no longer required, or the Bankruptcy Court orders otherwise, a final decree is entered closing the Chapter 11 Cases or the Chapter 11 Cases are converted or dismissed;

(o) To dissolve the Liquidating Trust if the Liquidating Trustee determines, in consultation with the Oversight Committee and its retained professionals, that the expenses of administering the Liquidating Trust so as to make a final Distribution are likely to exceed the value of the remaining Liquidating Trust Assets;

(p) To provide the Oversight Committee, within thirty (30) days after the end of the first full month following the Effective Date, and within twenty (20) days after the end of each quarter thereafter, or such other period as subsequently agreed to between the Oversight Committee and the Liquidating Trustee, a report setting forth: (i) the receipt and disposition by the Liquidating Trustee of property during such period, including the amounts, recipients, and dates of any Distribution; (ii) any Disputed Claims resolved by the Liquidating Trustee; (iii) all known material non-Cash assets of the Liquidating Trust remaining to be disposed of; (iv) the status of all Estate Causes of Action; (v) an itemization of all expenses the Liquidating Trustee anticipates will become due and payable within the subsequent quarter; and (vi) the Liquidating Trustee's forecast of Cash receipts and expenses for the subsequent quarter (the "<u>Periodic Report</u>"). Upon request by a Trust Beneficiary, the Liquidating Trustee shall provide such Trust Beneficiary with copies of the Periodic Reports on an ongoing basis, subject to: (i) withholding any portion(s) of such Periodic Reports that are subject to applicable privileges, if any; and (ii) such Trust Beneficiary's execution and delivery to the Liquidating Trustee of a reasonable and customary confidentiality agreement, agreeing to keep the Period Reports strictly confidential. The Liquidating Trustee shall also provide information about the activities of the Liquidating Trust on an informal basis as such recipients may reasonably request from time to time.

(q) Incur any reasonable and necessary expenses in liquidating and converting the Liquidating Trust Assets to Cash;

(r) To seek one or more final decrees closing the Chapter 11 Cases;

(s) To be the representative of the Estates and successor of the Debtors for all purposes; and

(t) To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

Other than the obligations of the Liquidating Trustee enumerated or referred to under this Agreement or the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2    Costs. On and after the Effective Date, the Liquidating Trustee shall reserve Cash reserves from the Liquidating Trust Assets to be held in a Liquidating Trust wind-down fund (the "Trust Expenses Reserve"). The Trust Expenses Reserve shall be used to pay amounts due to, or projected for, the Liquidating Trustee pursuant to Section 2.8 hereof and the fees and expenses of any counsel, accountant, consultant or other advisor or agent retained by the Liquidating Trustee pursuant to this Agreement as well as other expenses of the winding up of the Debtors, including, without limitation, projected costs of prosecuting any Estate Causes of Action. In the event that amounts held in the Trust Expenses Reserve, together with any remaining Liquidating Trust Assets, are insufficient to make payments as provided in this Section 2.2, the Liquidating Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, have no obligation to make such payments.

2.3    Distributions.

(a) Generally. The Liquidating Trustee shall record and account for all proceeds received upon any disposition of Liquidating Trust Assets (after deduction therefrom of appropriate reserves as provided herein and in the Plan) for Distribution in accordance with the provisions of the Plan.

(b) Manner of Payment or Distribution. Following the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make continuing efforts to liquidate all Liquidating Trust Assets in accordance with the Plan and this Agreement, provided that the timing of all Distributions made by the Liquidating Trustee to Trust Beneficiaries shall be at the discretion of the Liquidating Trustee. If the Distribution shall be in Cash, the Liquidation Trustee shall distribute such Cash by wire, check, or such other method as the Liquidation Trustee deems appropriate under the circumstances.

(c) Delivery of Distributions. All Distributions under this Agreement to any Trust Beneficiary shall be made: (i) at the addresses set forth on the respective Proofs of Claim Filed by such Holders; (ii) at the addresses set forth in any written notice of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim; or (iii) at the address reflected in the Schedules if no Proof of Claim is filed and the Liquidating Trustee has not

received a written notice of a change of address. If a Distribution is returned as undeliverable, the Liquidating Trustee shall use reasonable efforts to determine such Trust Beneficiary's then-current address. If the Liquidating Trustee cannot determine, or is not notified of, a Trust Beneficiary's then-current address within ninety (90) days after the original Distribution date for such Trust Beneficiary, such Distribution shall be deemed unclaimed property under Bankruptcy Code section 347(b). After such date, all unclaimed property or interest in property shall revert to the Liquidating Trust to be distributed in accordance with the terms of the Liquidating Trust Agreement and the Combined Disclosure Statement and Plan, and the Claim of any other Trust Beneficiary to such property or interest in property shall be discharged and forever barred.

(d)     **Disputed Claims Reserve**. On or after the Effective Date, the Liquidating Trustee shall reserve Cash for the treatment of Disputed Claims (the "Disputed Claim Reserve"). On each Distribution date after the Effective Date in which the Liquidating Trustee makes Distributions to Holders of Allowed Claims, the Liquidating Trustee shall retain on account of Disputed Claims an amount the Liquidating Trustee estimates is necessary to fund the Pro Rata share of such Distributions to Holders of Disputed Claims if such Claims were Allowed, with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Liquidating Trustee. Cash retained on account of such Disputed Claims shall be retained in the Disputed Claims Reserve for the benefit of the Holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.

2.4     **Limitations on Investment Powers of Liquidating Trustee**. Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee and the Oversight Committee, in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires.

2.5     **Limits on Retained Cash**. The Liquidating Trust may not receive or retain Cash or Cash equivalents in excess of an amount reasonably necessary to meet expenses, pay contingent liabilities (including Disputed Claims) and maintain the value of the Liquidating Trust Assets. Without limiting the foregoing, and subject to the terms of the Plan, the Liquidating Trustee shall distribute to the Trust Beneficiaries on account of their interests in the Liquidating Trust, at least annually, its net income plus all net proceeds from the sale of assets or the resolution of Estate Causes of Action, except that the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust or to meet claims and contingent liabilities, which amount shall be used to fund the Trust Expenses Reserve and the Disputed Claim Reserve. Notwithstanding the foregoing, the Liquidating Trustee may, but is not required to, make distributions more frequently than on a quarterly basis.

2.6     **Liability of Liquidating Trustee**.

(a)     **Standard of Care**. The Liquidating Trustee shall owe fiduciary duties to the Trust Beneficiaries under Delaware law.

(b)     **No Liability for Acts of Predecessors**. No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior

to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

(c) <u>No Implied Obligations</u>. The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

(d) <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons</u>. Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties. The Liquidating Trustee also may engage and consult with legal counsel, accountants and other professionals for the Liquidating Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidating Trustee in reliance upon the reasonable advice of such counsel, agents or advisors. The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust Assets.

(e) <u>No Personal Obligation for Trust Liabilities</u>. Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtors, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement, and neither the Liquidating Trustee nor its representatives shall have a personal or individual obligation to satisfy any such liability.

(f) <u>Bankruptcy Court Approval of Liquidating Trustee Actions</u>. Except as expressly provided in the Plan or otherwise specified in this Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. Except as otherwise provided herein, the Liquidating Trustee shall exercise its business judgment for the benefit of the beneficiaries in order to maximize the value of the Liquidating Trust Assets and distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trust with respect to any issues related to the Liquidating Trust. The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trustee.

2.7 <u>Selection of Agents</u>. Following consultation with the Oversight Committee, the Liquidating Trustee may engage any employee of the Debtors or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys, accountants and other advisors and agents, in each case without Bankruptcy Court approval. The Liquidating Trustee may pay the salaries, fees and expenses of such Persons from amounts in the Trust Expenses Reserve, or, if such amounts are insufficient therefor, out of the Liquidating Trust Assets or proceeds thereof. In addition, the parties acknowledge that Liquidating Trust Assets may be advanced to satisfy such salaries, fees and expenses, including any indemnification obligations due hereunder. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or

any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.7 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.8     Liquidating Trustee's Compensation, Indemnification and Reimbursement.

(a)     As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee and its professionals shall be compensated on normal and customary market terms. The Liquidating Trustee shall be compensated at an hourly rate of $1,100 (subject to annual adjustments on July 1 of each year). The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of duties hereunder.

(b)     The Liquidating Trust shall indemnify and hold harmless the Liquidating Trustee and his or her professionals against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, settlements, judgments, costs, causes of action, or claims that the Liquidating Trustee or his or her professionals may incur or sustain by reason of being or having been a Liquidating Trustee or professionals of the Liquidating Trustee for performing any functions incidental to such service; *provided*, *however*, the foregoing shall not relieve the Liquidating Trustee or his or her professionals from liability for bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, self-dealing or malpractice (which bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, self-dealing or malpractice must be determined by a final, non-appealable order of a court of competent jurisdiction).

(c)     The Liquidating Trustee is authorized to use Liquidating Trust Assets to obtain all reasonable insurance coverage for himself/herself, his/her agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and his/her agents, representatives, employees or independent contractors under the Plan and this Agreement.

2.9     Tax Provisions.

(a)     The Liquidating Trust is intended to qualify as a grantor trust for federal income tax purposes, and that the Trust Beneficiaries are treated as grantors. As described more fully in the Plan and the Disclosure Statement, the transfer of the Liquidating Trust Assets will be treated for federal income tax purposes as a transfer to the Trust Beneficiaries, followed by a deemed transfer from such Trust Beneficiaries to the Liquidating Trust, *provided*, *however*, that the Liquidating Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidating Trust relating to the pursuit of Liquidating Trust Assets. Accordingly, the Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes. Subject to Section 2.9(c)(iv), all items of income, gain, loss, deduction and credit will be included in the income of the Trust Beneficiaries as if such items had been recognized directly by the Trust Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

(b)     The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Trust Beneficiaries to provide certain tax information as a condition to receipt of Distributions, including, without limitation, filing returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a)

(c)

(i)     Under the guidelines set forth in Revenue Procedure 94-45, 1994-2 C.B. 684 and Treasury Regulation § 1.671-4(a), the Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust.

(ii)    Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Liquidating Trust as a Liquidating Trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, as soon as reasonably practicable after the Liquidating Trust Assets are transferred to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets. Such valuation shall be made available from time to time to all parties to this Agreement and to all Trust Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes.

(iii)   In accordance with the provisions of section 6012(b)(3) of the Internal Revenue Code of 1986, as amended, the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (Federal, state and local) that the Debtors are required to file (to the extent such returns have not already been filed by the Effective Date). The Liquidating Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Liquidating Trust Assets all taxes due with respect to the period covered by each such tax return. Prior to the Effective Date of the Plan, the Debtors hereby agree to furnish to the Liquidating Trustee all information required by the Liquidating Trustee, and generally to cooperate with the Liquidating Trustee, so as to enable the Liquidating Trustee to accurately and timely prepare such tax returns.

(iv)    The Liquidating Trustee shall timely file all tax returns required to be filed with respect to the Disputed Claim Reserve, if any, on the basis that the Disputed Claim Reserve is a discrete trust pursuant to Section 641 et seq. of the Internal Revenue Code of 1986, as amended. The Liquidating Trustee shall pay from the Liquidating Trust Assets any taxes required to be paid with respect to the Disputed Claim Reserve's undistributed income or gains.

(d)     <u>Attribution of Income</u>. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon

audit if not contested by the Liquidating Trustee), attribution of Liquidating Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical Creditor distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidating Trust Assets are transferred to the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(e) <u>Current Basis</u>. All income of the Liquidating Trust will be subject to tax on a current basis.

(f) <u>Withholding</u>. The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Trust Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement. Any tax withheld shall be treated as distributed to the Trust Beneficiary for purposes of this Agreement.

(g) <u>Tax Identification Numbers</u>. The Liquidating Trustee may require any Trust Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidating Trustee's satisfaction that Distributions to the Trust Beneficiary are exempt from backup withholding. The Liquidating Trustee may condition any Distribution to any Trust Beneficiary upon receipt of such identification number. If after reasonable inquiry, any Trust Beneficiary fails to provide such identification number to the Liquidating Trustee, the Liquidating Trustee shall deem such Trust Beneficiary's Claim as disallowed and no Distribution shall be made on account of such Trust Beneficiary's Claim.

(h) <u>Annual Statements</u>. The Liquidating Trustee shall annually (for tax years in which Distributions from the Liquidating Trust are made) send to each Trust Beneficiary a separate statement setting forth the Trust Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i) <u>Notices</u>. The Liquidating Trustee shall distribute such notices to the Liquidating Trust Beneficiaries as the Liquidating Trustee determines are necessary or desirable.

(j) <u>Expedited Determination</u>. The Liquidating Trustee may request an expedited determination of taxes of the Debtors or of the Liquidating Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtors and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

(k) <u>Tax Treatment of Reserves for Disputed Claims</u>. The Liquidating Trustee shall maintain reserves for Disputed Claims as provided in the Plan. The Liquidating Trustee may, in the Liquidating Trustee's reasonable discretion, determine the best way to report for tax

purposes with respect to any reserve for any Disputed Claims of Trust Beneficiaries, including, but not limited to, (i) filing a tax election to treat any and all reserves for Disputed Claims as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Regulation Section 1.468B-9 for federal income tax purposes rather than to treat such reserve as a part of the Liquidating Trust or (ii) electing to report as a separate trust or subtrust or other entity.  If an election is made to report any reserve for Disputed Claims as a DOF, the Liquidating Trust shall comply with all federal and state reporting and tax compliance requirements of the DOF, including, but not limited to, the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.  For the avoidance of doubt, all of the Liquidating Trust's income shall be treated as subject to tax on a current basis consistent with Revenue Procedure 82-58, 1982-2, C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1, C.B. 484 and Revenue Procedure 94-45, 1994-2, and C.B. 864.

2.10    Conflicting Claims. If the Liquidating Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidating Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(i)    to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved; or

(ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court their respective Claims arising out of or in connection with this Agreement; or

(iii)    file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.11    Records of Liquidating Trustee. The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Oversight Committee and the Trust Beneficiaries shall have reasonable access to the records of the Liquidating Trust. On or after one year from the Effective Date, the books and records maintained by the Liquidating Trustee, as well as any and all other books and records of the Debtors, may be disposed of by the Liquidating Trustee, without notice or a filing with the Bankruptcy Court, at such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidating Trust or the Trust Beneficiaries, or upon the termination of the Liquidating Trust, provided, however, that the Liquidating Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or directors are a party, Estate Causes of Action, or General Unsecured Claims without further order of the Bankruptcy Court.

**III.   RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.**

      3.1   <u>Interests of Beneficiaries</u>. The Trust Beneficiaries shall have beneficial interests in the Liquidating Trust Assets as provided in the Plan. The Trust Beneficiaries' proportionate interests in the Liquidating Trust Assets as thus determined shall be not be transferable, assignable, pledged or hypothecated, in whole or in part, except upon the death of the Trust Beneficiary or the operation of law.

      3.2   <u>Interests Beneficial Only</u>. The ownership of a beneficial interest hereunder shall not entitle any Trust Beneficiary to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting.

**IV.   AMENDMENT OF TRUST OR CHANGE IN TRUSTEE.**

      4.1   <u>Resignation of the Liquidating Trustee</u>. The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the Oversight Committee, provided that the Liquidating Trustee shall continue to serve as such after resignation for thirty (30) days or, if longer, until the time when appointment of a successor shall become effective in accordance with Section 4.3 hereof, or as otherwise agreed with the Oversight Committee.

      4.2   <u>Removal of the Liquidating Trustee</u>. The Oversight Committee may only remove the Liquidating Trustee upon a showing of cause and with approval pursuant to a Final Order of the Bankruptcy Court. Upon removal of the Liquidating Trustee by the Oversight Committee in accordance with this Section 4.2, the Liquidating Trustee shall be entitled to all compensation that has accrued through the effective date of termination but remains unpaid as of such date, which payment shall be made promptly from the Trust Expenses Reserve. For the purposes of this Agreement, "<u>cause</u>" shall mean (a) the willful and continued refusal by the Liquidating Trustee to perform the Liquidating Trustee's duties as set forth herein; or (b) gross negligence, gross misconduct, fraud, embezzlement, or theft in connection with the Liquidating Trustee's role under this Agreement and the Plan.

      4.3   <u>Appointment of Successor Liquidating Trustee</u>. In the event of the death, resignation, termination, or removal of the Liquidating Trustee, the Oversight Committee may appoint a successor Liquidating Trustee with the approval of the Bankruptcy Court, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or any successor thereto. If the Oversight Committee fails to appoint a successor Liquidating Trustee within 30 days of the occurrence of a vacancy, any Trust Beneficiary or the outgoing Liquidating Trustee may petition the Bankruptcy Court for such appointment. Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and to the predecessor Liquidating Trustee (if practicable) an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidating Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidating Trustee.

   4.4 <u>Continuity</u>. Unless otherwise ordered by the Bankruptcy Court, the death, resignation, or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Bankruptcy Court, the Oversight Committee or the successor Liquidating Trustee.

   4.5 <u>Amendment of Agreement</u>. This Agreement may be amended, modified, terminated, revoked or altered only upon order of the Bankruptcy Court.

**V. TERMINATION OF TRUST**

   As provided in Section VIII. D.9 of the Plan, the Liquidating Trust shall be dissolved and the Liquidating Trustee shall be discharged, upon the earlier of the distribution of all of the Liquidating Trust Assets to the Trust Beneficiaries (or Interest Holders, if applicable) and the third anniversary of the creation of the Liquidating Trust, provided that the Liquidating Trustee shall, in its sole discretion, be authorized to extend the dissolution date up to the fifth anniversary of the creation of the Liquidating Trust with prior Bankruptcy Court approval.  If warranted by the facts and circumstances involved in resolving any Estate Causes of Action, upon application to, and if approved by, the Bankruptcy Court upon a finding that such further extension is necessary, as permitted under Revenue Procedure 94-45 §2.06, for purposes of resolving such Estate Causes of Action and distributing the proceeds to Liquidating Trust's beneficiaries, the term of the Liquidating Trust may be further extended by the Liquidating Trustee for a specified, finite term, approved within the first six months of the beginning of the extended term.

**VI. RETENTION OF JURISDICTION**

   Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Assets as provided in the Plan, including the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement. However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter. All Trust Beneficiaries consent to the jurisdiction of the U.S. District Court for the District of Delaware and the state courts sitting in Delaware over all disputes related to this Agreement.

**VII. MISCELLANEOUS**

   7.1 <u>Applicable Law</u>. The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

   7.2 <u>Waiver</u>. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

   7.3 <u>Relationship Created</u>. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

       7.4       <u>Interpretation</u>. Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

       7.5       <u>Savings Clause</u>. If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

       7.6       <u>Entire Agreement</u>. This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein. This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter. Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto, the Oversight Committee, and the Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

       7.7       <u>Counterparts</u>. This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

       7.8       <u>Notices</u>.

       (a)     All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

       (i)     if to the Liquidating Trustee:

       Heather Barlow, Trustee
       c/o Julian Gurule, Esq.
       Buchalter, PC
       1000 Wilshire Blvd., Suite 1500
       Los Angeles, CA 90017
       jgurule@buchalter.com

       (ii)    if to the Oversight Committee:

       _____
       _____

       Attn: _____
       Tel: (___) _____

Fax: (___) _____

   (iii) if to any Trust Beneficiary, to such Trust Beneficiary's address described in Section 2.3(c) of this Agreement.

  (b) Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

  7.9 <u>Effective Date</u>. This Agreement shall become effective as of the Effective Date.

  7.10 <u>Successors and Assigns</u>. This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, Committee, the Trust Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

  7.11 <u>Conflict with the Plan</u>. In the event of any conflict between the terms of this Agreement and the Plan, the terms of the Plan shall govern.

  IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.

**STRUCTURLAM MASS TIMBER CORPORATION**

By: _____
Name:
Title:

**STRUCTURLAM MASS TIMBER U.S., INC.**

By: _____
Name:
Title:

**NATURAL OUTCOMES, LLC**

By: _____
Name:
Title:

**SLP HOLDINGS LTD.**

By:_____
Name:
Title:

**STRUCTURLAM LIQUIDATING TRUST**

By:_____
Name: Heather Barlow
Title: Liquidating Trustee of Structurlam
 Liquidating Trust