# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) Case No. 23-10497 (CTG) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related Docket No.490** |

## ORDER GRANTING DEBTORS' FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

This matter having come before the Court upon consideration of the *Debtors' First (Non-Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, And Local Rule 3007-1* (the "**First Omnibus Objection**");[2] notice of the First Omnibus Objection having been properly and timely served upon: (i) the claimants listed on **Schedules 1, 2, 3, 4 and 5** at the addresses set forth on each claimant's respective proof of claim, (ii) the U.S. Trustee, and (iii) parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; upon the record of the hearing to consider the relief requested in the First Omnibus Objection; and, after due deliberation and sufficient cause appearing therefor,

THE COURT FINDS AND CONCLUDES THAT:

A.   The Court has jurisdiction over this case under 28 U.S.C. § 1334(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5.  The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Omnibus Objection.

- 2 -

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D. The Court has reviewed the First Omnibus Objection and has considered the representations of counsel regarding the relief requested therein.

E. The relief requested in the First Omnibus Objection is necessary and in the best interests of the Debtors and their estates.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The First Omnibus Objection is GRANTED, as set forth in this Order.

2. The claims listed on **Schedules 1, 2, 3, 4 and 5** attached hereto are hereby disallowed in their entirety, or otherwise modified, as set forth on Schedules 1, 2, 3, 4 and 5 with respect to each Disputed Claim.

3. The Debtors' claims agent shall amend the claims register maintained in the Debtors' Chapter 11 Cases to conform to this Order.

4. The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. Any and all rights of the Debtors to amend, supplement, or otherwise modify the Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims, shall be reserved. Any and all

- 3 -

rights, claims, and defenses of the Debtors with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Debtors with respect to the Disputed Claims.

6. This Order shall be a final order with respect to each of the Proofs of Claim identified on Schedules 1, 2, 3, 4 and 5 annexed hereto, as if each such Proof of Claim had been individually objected to.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon entry by the Court.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

*[Signature]*

**Dated: December 18th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**