**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | Case No. 23-10497 (CTG) |
| Debtors. | (Jointly Administered) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING THE FIRST AMENDED COMBINED
DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF
<u>STRUCTURLAM MASS TIMBER U.S., INC., ET AL.</u>**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") having filed (a) the *Debtors' Motion for Order (I) Approving Adequacy of Disclosures in Combined Disclosure Statement and Plan on Interim Basis, (II) Scheduling Confirmation Hearing and Objection Deadline, (III) Establishing Procedures for Solicitation and Tabulation of Votes, (IV) Approving Form of Ballot and Solicitation Package, and (V) Approving Notice* [Docket No. 417] (the "**Interim Approval and Procedures Motion**"); (b) the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [Docket No. 517] (as subsequently revised or amended, the "**Combined Plan and Disclosure Statement**");[2] (c) the *Certification of Scott M. Ewing with Respect to the Tabulation of Votes on the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287) ("**SMTU**"); Natural Outcomes, LLC (n/a) ("**Natural**"); Structurlam Mass Timber Corporation (5050) ("**SMTC**"); and SLP Holdings Ltd. (3114) ("**SLP**"). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms not otherwise herein shall have the meanings ascribed to such terms in the Interim Approval and Procedures Motion or the Combined Plan and Disclosure Statement.

*Structurlam Mass Timber U.S., Inc., et al.* [Docket No. 516] *(the "Tabulation Declaration");*; (d) the *Declaration of Matthew Karmel in Support of Confirmation of the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 523] (the "**Confirmation Declaration**"); and (e) the *Debtors' Memorandum of Law in Support of Entry of an Order Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation Structurlam Mass Timber U.S., Inc., et al.* [Docket No. 524] (the "**Confirmation Memorandum**"); and the Court having entered the *Order (i) Conditionally Approving Combined Disclosure Statement and Plan for Solicitation Purposes Only, (ii) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (iii) Approving the Form of Ballot and Solicitation Materials, (iv) Establishing Voting Record Date, (v) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (vi) Approving Related Shortened Notice Procedures* [Docket No. 460] (the "**Interim Approval and Procedures Order**"), approving, among other things the Combined Plan and Disclosure Statement on an interim basis, the contents of the Solicitation Package, and the solicitation procedures and tabulation procedures; and the Court having conducted an evidentiary hearing to consider confirmation of the Combined Plan and Disclosure Statement on December 19, 2023 (the "**Combined Hearing**"); and any responses or objections to confirmation of the Combined Plan and Disclosure Statement raised at or prior to the Combined Hearing (collectively, the "**Objections**") having been resolved, overruled, or withdrawn prior to or during the Combined Hearing; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, the Court hereby finds and determines that:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. *Findings and Conclusions*. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. *Jurisdiction, Venue, Core Proceeding*. The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Approval of the disclosures in and confirmation of the Combined Plan and Disclosure Statement are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under Bankruptcy Code section 109. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are the plan proponents in accordance with Bankruptcy Code section 1121(a).

C. *The Committee*. On May 3, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**") [Docket No. 65].[3] No trustee or examiner has been appointed in the Chapter 11 Cases.

D. *Judicial Notice*. The Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other

---

[3] On May 5, 2023, an *Amended Notice of Appointment of Committee of Unsecured Creditors* was filed in the Chapter 11 Cases [Docket No. 73].

3

documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of these Chapter 11 Cases.

E. *Adequate Information*. The Combined Plan and Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125(a).

F. *Interim Approval and Procedures Order Compliance*. The Debtors have complied with the Interim Approval and Procedures Order, including the solicitation process, in all respects.

G. *Burden of Proof*. The Debtors have the burden of proving the elements of Bankruptcy Code sections 1125 and 1129(a) and (b) by a preponderance of the evidence. The Debtors have met their burden and have proven each element of Bankruptcy Code sections 1125 and 1129.

H. *Voting*. As evidenced by the Tabulation Declaration, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Interim Approval and Procedures Order, and applicable non-bankruptcy law.

I. *Solicitation*. The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Interim Approval and Procedures Order. The Form of Ballots adequately addressed the particular needs of these Chapter 11 Cases and is appropriate to the Holders of Claims in the Voting Class, which are impaired under the Combined Plan and Disclosure Statement and may receive a distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

(1) The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable and sufficient under the

4

        circumstances of these Chapter 11 Cases and enabled voting creditors to make an informed decision to accept or reject the Combined Plan and Disclosure Statement.

    (2)    The Debtors were not required to solicit the votes from the Holders of Claims from the following Classes (the "**Deemed to Accept Classes**") as each such Class is unimpaired under the Combined Plan and Disclosure Statement and conclusively presumed to have accepted it: 1 (Other Secured Claims), and 2 (Priority Claims).

    (3)    As described in the Tabulation Declaration and the Confirmation Declaration, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances. The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and other applicable rules, laws, and regulations. In connection therewith, the Debtors, and their employees, attorneys, advisors and professionals in these Chapter 11 Cases are entitled to the protection of Bankruptcy Code section 1125(e).

    J.    *Good Faith*. The Combined Plan and Disclosure Statement was negotiated in good faith and at arm's length, and the Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.

    K.    *Notice*. As evidenced by the Tabulation Declaration and the Confirmation Declaration, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

    L.    *Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))*. The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code

and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as plan proponents, thereby satisfying Bankruptcy Code section 1129(a)(1).

M. *The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))*. The Debtors have complied with all the applicable provisions of the Bankruptcy Code, satisfying the requirements of Bankruptcy Code section 1129(a)(2).

N. *Proposed in Good Faith (11 U.S.C. § 1129(a)(3))*. The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3).

O. *Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))*. Any payment made or to be made by the Debtors, or by any person issuing securities or acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(4).

P. *Liquidating Trustee, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))*. The Debtors have complied with Bankruptcy Code section 1129(a)(5). The Debtors are liquidating and, therefore, Bankruptcy Code section 1129(a)(5)(B) is not applicable.

Q. *No Rate Changes (11 U.S.C. § 1129(a)(6))*. After confirmation of the Combined Plan and Disclosure Statement, the Debtors' businesses will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Therefore, Bankruptcy Code section 1129(a)(6) is not applicable.

R.	*Best Interest of Creditors (11 U.S.C. § 1129(a)(7))*.  The Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(a)(7).  The Liquidation Analysis attached to the Combined Plan and Disclosure Statement, and other evidence proffered or adduced at the Combined Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim or Equity Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

S.	*Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))*.  Holders of Claims in Classes 1 (Other Secured Claims) and 2 (Priority Claims) are unimpaired and deemed to accept the Combined Plan and Disclosure Statement.  Holders of Claims in Classes 3A (SMTU General Unsecured Claims), 3B (SLP General Unsecured Claims), 3C (SMTC General Unsecured Claims), and 4 (Equity Interests) have voted, as classes, such that each of the foregoing classes have accepted the Combined Plan and Disclosure Statement in accordance with Bankruptcy Code section 1126(c).

T.	*Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))*.  The treatment of Allowed Administrative Expenses under the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(a)(9)(A).  The treatment of Allowed Priority Tax Claims under the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(9)(C).

U.	*Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))*.  At least one Class of Claims that is impaired under the Combined Plan and Disclosure Statement has accepted the

Combined Plan and Disclosure Statement, determined without including any acceptance of the Combined Plan and Disclosure Statement by an insider, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(10).

V.     *Feasibility (11 U.S.C. § 1129(a)(11))*.  Confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the liquidation of the Debtors other than as set forth in the Combined Plan and Disclosure Statement itself, thereby satisfying Bankruptcy Code section 1129(a)(11).

W.    *Payment of Fees (11 U.S.C. § 1129(a)(12))*.  The Combined Plan and Disclosure Statement provides that all fees due and payable pursuant to 28 U.S.C. § 1930 shall by payable by the Debtors prior to the Effective Date.

X.     *Inapplicable Provisions (11 U.S.C. § 1129(a)(13)-(16))*.  The Debtors (i) do not maintain retiree benefits as defined in Bankruptcy Code section 1114, (ii) do not have domestic support obligations, (iii) are not individuals, and (iv) are moneyed, business, or commercial entities; accordingly, Bankruptcy Code sections 1129(a)(13)-(16) are not applicable to the Combined Plan and Disclosure Statement.

Y.     *Fair and Equitable, No Unfair Discrimination (11 U.S.C. § 1129(b))*.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Combined Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly against, and is fair and equitable with respect to Classes 3A, 3B, 3C and 4 as required by Bankruptcy Code section 1129(b)(1) and (b)(2).

Z.     *Only One Plan (11 U.S.C. § 1129(c)*.  The Combined Plan and Disclosure Statement is the only plan filed in these Chapter 11 Cases, and accordingly, Bankruptcy Code section 1129(c) is inapplicable in the Chapter 11 Case.

AA. *Principal Purpose of the Plan (11 U.S.C. § 1129(d))*. The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Combined Plan and Disclosure Statement on any such grounds. Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(d).

BB. *Good Faith Solicitation (11 U.S.C. § 1125(e))*. Based upon the record before the Court, the Debtors, the Committee, and their respective employees, attorneys, advisors and professionals in these Chapter 11 Cases have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of the Combined Plan and Disclosure Statement and/or their participation in the activities described in Bankruptcy Code section 1125, and, therefore, are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation or participation therein of the Combined Plan and Disclosure Statement and are entitled to the protections afforded by Bankruptcy Code section 1125(e) and, to the extent such parties are listed therein, the exculpation provisions found in Article X.B of the Combined Plan and Disclosure Statement.

CC. *Implementation*. All documents necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arm's length and shall, upon completion of documentation and

execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

DD. *Releases*. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 to approve the releases set forth in Article XI of the Combined Plan and Disclosure Statement. Pursuant to Bankruptcy Code section 105(a), approval of the releases and injunction provisions contained in the Combined Plan and Disclosure Statement is warranted, as established by the record in these Chapter 11 Cases, because such provisions: (i) are essential to the formulation and implementation of the Combined Plan and Disclosure Statement, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors and their Estates.

EE. *Exculpation*. Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the exculpation provisions and the releases set forth in the Combined Plan and Disclosure Statement and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders. The record of the Combined Hearing is sufficient to support the exculpation provision set forth in Article XI.B and the releases provided for in Articles XI.C and XI.D, and the related injunction in Article XI.A of the Combined Plan and Disclosure Statement. Accordingly, based on the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Combined Hearing, this Court finds that the exculpation provisions set forth in Article XI.B and the releases set forth in Articles XI.C and XI.D, and the related injunction in Article XI.A of the Combined Plan and Disclosure Statement, are consistent with the Bankruptcy Code and applicable law.

FF. Based on the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. *Findings of Fact and Conclusion of Law*. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2. *Notice of Combined Hearing*. Notice of the Combined Hearing complied with the terms of the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3. *Adequate Information*. The disclosures contained in the Combined Plan and Disclosure Statement are approved on a final basis as containing adequate information within the meaning of Bankruptcy Code section 1125, and any objections to the adequacy of the information contained in the Combined Plan and Disclosure Statement not otherwise consensually resolved are overruled in their entirety.

4. *Solicitation*. The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

5. *Ballots*. The form of Ballot attached as <u>Exhibit 1</u> to the Interim Approval and Procedures Order is in compliance with Bankruptcy Rule 3018(c), and substantially conforms to Official Form Number 14, and is approved in all respects.

6. *Confirmation of the Combined Plan and Disclosure Statement*. The Combined Plan and Disclosure Statement, attached hereto as **<u>Exhibit A</u>**, and all exhibits thereto are approved in

all respects. The terms of the Combined Plan and Disclosure Statement are an integral part of this Confirmation Order.

7. *Objections Resolved or Overruled*. All objections, responses, statements, and comments in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Combined Hearing, shall be, and hereby are, overruled in their entirety.

8. *Binding Effect*. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and Disclosure Statement shall be binding on the Debtors, the Estates, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Combined Plan and Disclosure Statement or whether the Holders of such Claims or Equity Interests have accepted the Combined Plan and Disclosure Statement), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other parties in interest in these Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

9. *Vesting of Assets*. As of the Effective Date, pursuant to Bankruptcy Code section 1141(b) and (c), the Debtors' assets shall automatically vest in the Liquidating Trust free and clear of all Claims liens, encumbrances, charges, membership interests, and other interests, subject to the terms and conditions of the Combined Plan and Disclosure Statement and this Confirmation Order, except as otherwise provided in the Combined Plan and Disclosure Statement or this Confirmation Order.

10. *Implementation of the Combined Plan and Disclosure Statement*. The Debtors are hereby authorized to execute deliver, file, or record such documents, contracts, instruments,

releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Plan and Disclosure Statement.

11.     *Rejection of Executory Contracts*.  Except as set forth in the Combined Plan and Disclosure Statement, as of the Effective Date, each Executory Contract and Unexpired Lease to which the Debtors are parties is hereby rejected as of the Effective Date unless (i) previously assumed and/or assigned, (ii) subject to a pending motion to assume and/or assign, or (iii) rejected before the Effective Date.

12.     *Conditions to Effectiveness*.  The Combined Plan and Disclosure Statement shall not become effective unless the conditions set forth in Article X of the Combined Plan and Disclosure Statement have been satisfied or waived.

13.     *Professional Compensation*.  All Professionals shall file with the Court applications for compensation within sixty (60) days after the Effective Date.  Upon the Effective Date, any requirement that Professionals comply with Bankruptcy Code sections 327 through 331 in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, order, or approval of, the Court, including for compensation for preparation of final fee applications by the Debtors' and the Committee's Professionals after the Effective Date.

14.     *Binding Exculpation Provision*.  All exculpation provisions contained herein and/or in the Combined Plan and Disclosure Statement, including, but not limited to those contained in Article XI of the Combined Plan and Disclosure Statement, are approved and are effective and binding on all persons and entities, to the extent provided therein.

15.  *Binding Release Provisions*.  All release provisions contained herein and/or in the Combined Plan and Disclosure Statement, including, but not limited to those contained in Article XI of the Combined Plan and Disclosure Statement, are approved and are effective and binding on all persons and entities, to the extent provided therein; *provided, however*, that no provision of the Combined Plan and Disclosure Statement or this Confirmation Order shall be construed to grant a discharge pursuant to Bankruptcy Code section 1141(d), *provided, further however,* that notwithstanding anything contained in the Combined Plan and Disclosure Statement or this Order to the contrary, "Released Parties" under the Combined Plan and Disclosure Statement shall not include Walmart, Inc., or any non-Debtor entity owned or controlled by, or otherwise affiliated (including affiliated through control or financial interdependence) with, Walmart, Inc.

16.  *Injunctions*.  Except as otherwise provided in the Combined Plan and Disclosure Statement, the Combined Plan and Disclosure Statement, this Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against any property that is to be distributed under the terms of the Combined Plan and Disclosure Statement on account of any such Claims or Equity Interests: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff right not taken pre-confirmation, or subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Combined Plan and Disclosure Statement; *provided, however*, that such entities shall not be precluded from exercising their rights

pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or the Confirmation Order; *provided, further*, that the foregoing shall not apply to any acts, omissions, claims, causes of action or other obligations expressly set forth in and preserved by the Combined Plan and Disclosure Statement or any defenses thereto.

17. *Preservation of Causes of Action*. On the Effective Date, the Estates' Causes of Action shall be and are hereby preserved and transferred to the Liquidating Trustee pursuant to the terms of the Combined Disclosure Statement and Plan, except as provided otherwise in the Combined Plan and Disclosure Statement or any Final Order of this Court.

18. *Reservation of Rights*. Except as expressly set forth herein, the Combined Plan and Disclosure Statement shall have no force or effect until the Effective Date. None of the filing of the Combined Plan and Disclosure Statement, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined Plan and Disclosure Statement shall be or shall be deemed to be an admission or waiver of any rights of the Debtors or any Holder of Claims or Equity Interests before the Effective Date.

19. *Payment of Statutory Fees*. The payment of Statutory Fees is approved as set forth in article V.D of the plan.

20. *Retention of Jurisdiction*. On and after the Effective Date, the Court shall retain jurisdiction, to the fullest extent possible under law, over all matters arising in, arising under, and related to these Chapter 11 Cases and the Combined Plan and Disclosure Statement for, among other things:

   a. to hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

   b. to enter and implement such orders as may be appropriate in the event this Confirmation Order is for any reason stayed, revoked, modified, or vacated;

4878-3270-3382, v. 3

c.    to issue such orders in aid of execution and consummation of the Combined Plan and Disclosure Statement, to the extent authorized by Bankruptcy Code section 1142;

d.    to consider any amendments to or modifications of the Combined Plan and Disclosure Statement, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, this Confirmation Order;

e.    to hear and determine all requests for compensation and reimbursement of expenses to the extent allowed by the Bankruptcy Court under Bankruptcy Code sections 330 or 503;

f.    to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Combined Plan and Disclosure Statement;

g.    to hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

h.    to hear any other matter not inconsistent with the Bankruptcy Code;

i.    to enter a Final Decree in each Debtor's Chapter 11 Case;

j.    to ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement;

k.    to decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

l.    to issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Plan and Disclosure Statement, except as otherwise provided herein;

m.    to determine any other matters that may arise in connection with, or that are related to, the Combined Plan and Disclosure Statement, this Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created or implemented in connection with the Combined Plan and Disclosure Statement;

n.    to determine any other matters that may arise in connection with or related to the Sale Order or any contract, instrument, release, indenture, or other agreement or document created or implemented in connection with the Sale Order;

  o. to enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with these Chapter 11 Cases;

  p. to resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof; and

  q. to resolve any disputes concerning whether a Person or Entity had sufficient notice of these Chapter 11 Cases, the Bar Date, or the Confirmation Hearing for the purpose of determining whether a Claim or Equity Interest is discharged hereunder, or for any other purpose.

21. *Resignation of the Debtors' Board and Officers*.  The Board shall remain intact until the Effective Date.  On the Effective Date, the members of the Board and executive officer(s) of the Debtors shall be deemed to have resigned to the extent permissible under applicable law.

22. *Provisions of the Combined Plan and Disclosure Statement and Confirmation Order Non-Severable and Mutually Dependent*.  The provisions of the Combined Plan and Disclosure Statement and this Confirmation Order, including the findings of fact and conclusions of law as set forth herein, are non-severable and mutually dependent.

23. *Governing Law*.  Except to the extent that the Bankruptcy Code or federal law is applicable, the rights, duties, and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles or conflicts of law thereof.

24. *Applicable Non-bankruptcy Law*.  Pursuant to Bankruptcy Code section 1123(a) and 1142(a), the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement, and related documents (or any amendments or modifications thereto) shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

25. *Documents and Instruments*.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments

necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

26. *Governmental Approvals Not Required.*  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

27. *Notice of Entry of Confirmation Order and Effective Date.*  The form of notice of Effective Date and entry of this Confirmation Order, attached hereto as **Exhibit B** (the "**Effective Date Notice**"), provides adequate and reasonable notice and is hereby approved.  On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases; (ii) state and local taxing authorities in which the Debtors did business; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the United States Attorney for the District of Delaware; (vi) Holders of Claims or Equity Interests; (vii) all counterparties to executory contracts and unexpired leases with the Debtors that are assumed or rejected under the Combined Plan and Disclosure Statement; (viii) the U.S. Trustee; (ix) the Committee Professionals; and (x) all persons or entities listed on the Debtors' creditor mailing matrix.

28. *Waiver of Stay*. The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for

4878-3270-3382, v. 3

fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

29. *Inconsistency*. To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

30. *No Waiver*. The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated herein by reference.

31. *Texas Comptroller Resolution*. Notwithstanding anything to the contrary in the Plan or this Order, as to the Texas Comptroller of Public Accounts (the "Texas Comptroller"), nothing in the Plan or this Order shall: (1) affect or impair any setoff or recoupment rights of the Texas Comptroller under applicable bankruptcy and non-bankruptcy law and all such rights of the Texas Comptroller are preserved; (2) affect or impair any rights of the Texas Comptroller to pursue any non-Debtor third parties for tax debts or claims; (3) be construed to preclude the payment of interest and/or penalties provided under non-bankruptcy law, if any, on Administrative Claim(s) of the Texas Comptroller; (4) modify, to the extent that interest is payable as to any claim of the Texas Comptroller, the statutory interest rate under applicable non-bankruptcy law; (5) impose, in relation to Administrative Claim(s) of the Texas Comptroller, a requirement to file a request for payment as a condition of its allowance or to receive payment for such claim(s); or (6) confer exclusive jurisdiction upon the Bankruptcy Court in respect of the Texas Comptroller. For the avoidance of doubt, the Texas Comptroller shall not be considered a Releasing Party. All

4878-3270-3382, v. 3

delinquent returns due and owing to the Texas Comptroller shall be filed and paid on or before the Effective Date, unless modified by agreement with the Texas Comptroller.

32. *Walmart Resolution.* Notwithstanding anything herein or in the Combined Plan and Disclosure Statement to the contrary, after the Effective Date, Walmart Inc. ("WMT") shall have the authority to file an objection to the intercompany claim in the amount of approximately $12,816,000 asserted by SMTC against SMTU (as may be amended, the "SMTC Intercompany Claim"), which authority shall run coterminous with the right of the Liquidating Trustee under the Plan and Liquidating Trust Agreement to object to Claims. Absent the consent of WMT, or until the claims of WMT in the Chapter 11 Cases have been deemed Allowed, are resolved consensually or are finally adjudicated by court order, the SMTC Intercompany Claim shall not be deemed Allowed and no distribution shall be made on the SMTC Intercompany Claim.

Dated: December 19th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**