**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | : | Case No. 23-10497 (CTG) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : |  |
| HEATHER L. BARLOW, LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, | : | ADVERSARY NO. 25-50554-CTG |
|  | : | **Objection Deadline:** |
|  | : | **January 29, 2026, at 4:00 p.m. (ET)** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| LEVEL 10 CONSTRUCTION, LP, | : |  |
|  | : |  |
| Defendant. | : |  |

**LIQUIDATING TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT**
**AGREEMENT WITH LEVEL 10 CONSTRUCTION, LP**

Pursuant to Article VIII of the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [D.I. 517] (the "Plan")[2] and the Trust Agreement, Heather L. Barlow, solely in her capacity as liquidating trustee (the "Liquidating Trustee") of the Structurlam Liquidating Trust (the "Liquidating Trust"), by and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. ("SMTU") (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation ("SMTC") (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

through her undersigned counsel, hereby submits this motion (the "Motion") as follows on behalf of the Liquidating Trust:

## RELIEF REQUESTED

1.      The Liquidating Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Liquidating Trust's entry into a settlement agreement with Level 10 Construction, LP ("Level 10"), attached to the proposed order as **Exhibit 1**, pursuant to Sections 105 and 363(b) of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## JURISDICTION

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidating Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein are Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

4915-1448-6657 v2

**BACKGROUND**

A.      **The Debtors and the Commencement of the Case**

5.      On April 21, 2023 (the "Petition Date"), Structurlam Mass Timber Corporation and certain of its affiliates (collectively, the "Debtors") each filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code initiating their individual bankruptcy proceedings (collectively, "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

6.      By order dated December 19, 2023 (the "Confirmation Order"), the Bankruptcy Court confirmed the Debtors' *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al.* [D.I. 517] (the "Plan").

7.      On January 11, 2024 (the "Effective Date"), the Debtors' filed the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al. and (II) Effective Date* [D.I. 579], stating that all conditions precedent to effectiveness pursuant to Article X.B of the Plan had been satisfied or waived.

8.      Pursuant to Article VIII.D.1 of the Plan, on the Effective Date, the Structurlam Liquidating Trust was established pursuant to that certain *Liquidating Trust Agreement*, dated January 5, 2024 (the "Trust Agreement"), which is substantially similar to the draft Trust Agreement filed with the Bankruptcy Court on December 14, 2023 [D.I. 526].

9.      The Trust Agreement appointed Heather L. Barlow as the Liquidating Trustee of the Structurlam Liquidating Trust.

10.      Pursuant to Article VIII.D.6 of the Plan, the Liquidating Trustee has the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance

of the purpose of the Plan and the Trust Agreement and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of the Liquidating Trustee's duties.

11.     Pursuant to the Trust Agreement § 2.1(a), the Liquidating Trustee has the power and responsibility to exercise all power and authority that may be or could have been exercised and take all actions that may be or could have been taken by the Debtors with like effect as if authorized, exercised, and taken by unanimous action of the Debtors' partners, members, officers, directors and equity holders.

### B.     The Prepetition Agreement

12.     On or around April 5, 2022, Structurlam Mass Timber Corporation ("SMTC") and Level 10 entered into a subcontract (the "Subcontract") in connection with the construction of YouTube headquarters in San Bruno, California (the "Project"). Under the terms of the Subcontract, SMTC agreed to provide engineering and preconstruction services and engineered timber products to the Project.

13.     Pursuant to the Subcontract, Level 10 made an initial payment to SMTC of $2,824,885.80 in July 2022.

14.     SMTC provided preconstruction and engineering services to Level 10 in connection with the Subcontract, including preparation of a mock-up, but never completed the project.

15.     SMTC filed its voluntary petition under Chapter 11 of the Bankruptcy Code on April 21, 2023.

16.     Following an open solicitation for bids, the Debtors' assets were purchased by winning bidder Mercer International, Inc. ("Mercer") [D.I. 178]. The Bankruptcy Court approved the purchase agreement between Mercer and the Debtors on May 30, 2023 [D.I. 204].

4915-1448-6657 v2

17.     With the exception of certain leases, Mercer did not assume any of the Debtors'

executory contracts [D.I. 178]. The Debtors subsequently rejected their remaining executory

contracts, including the  Subcontract [D.I. 264].

18.     Following rejection of the Subcontract, Level 10 entered a new subcontract with

Mercer at a significantly increased contract price for the completion of the items originally

contemplated by the Subcontract.

### C.     The Claims

19.     On July 7, 2023, Level 10 filed a proof of claim, identified as claim number 171,

asserting a general unsecured claim in the amount of $5,972,728.00 against SMTC, and on

December 4, 2025, Level 10 filed an amended proof of claim, identified as claim number 171-1,

asserting an updated claim amount of $7,501,194.80 (as amended, the "Proof of Claim").

20.     On April 18, 2025, the Trust filed *Heather L. Barlow, Liquidating Trustee of the*

*Structurlam Liquidating Trust v. Level 10 Construction, LP*, Case No. 25-50554-CTG (the

"Turnover Action") in the Bankruptcy Court, seeking turnover of certain amounts owed to the

Trust for work completed by SMTC prior to its bankruptcy.

### SETTLEMENT AGREEMENT

21.     The Parties participated in a mediation before the Honorable Christopher Sontchi

(Ret.).  Following that mediation, the terms and provisions of the Settlement Agreement and

Mutual Release (the "Settlement Agreement") were negotiated at arm's length and in good faith.

22.     The Parties have agreed to the terms of the Settlement Agreement, in which the

Proof of Claim shall be reduced and allowed in the amount of $4.3 million (USD) and the Turnover

Action will be dismissed with prejudice in exchange for mutual releases among the Parties.  A

more detailed explanation of the terms and conditions of the Settlement Agreement is set forth in

the table below.   To the extent the following summary is inconsistent with the Settlement

Agreement, the terms of the Settlement Agreement executed by the Parties shall control:[3]

| *Parties to the Settlement* | The parties to this settlement are (1) the Liquidating Trust and (2) Level 10. |
|---|---|
| *Settlement Terms* | The Proof of Claim shall be reduced and allowed in the amount of $4.3 million (USD) and the Turnover Action shall be dismissed with prejudice. |
| *Releases from Liability* | Mutual releases exchanged. |
| *Effectiveness and Conditions* | The effectiveness of the Settlement Agreement is conditioned on Bankruptcy Court approval of the Settlement Agreement. |
| *Governing Law* | The Settlement Agreement is governed by the law of the State of Delaware and applicable provisions of the Bankruptcy Code.  The Court shall retain jurisdiction to hear any matter or disputes arising from or relating to the Settlement Agreement. |

## BASIS FOR RELIEF

23.     The Liquidating Trustee believes that the Settlement Agreement resolves

substantial issues facing the Liquidating Trust in a timely and efficient manner, without expending

significant Liquidating Trust resources, and represents an arm's-length and reasoned compromise

in light of the relevant facts and circumstances of this case.

### A.     Legal Standards for Approving the Settlement Agreement

24.     The Court has broad authority pursuant to Section 105(a) of the Bankruptcy Code

to issue "any order, process, or judgment that is necessary or appropriate" to implement the

provisions of the Plan and the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a),

which provides that "on motion by the trustee and after a hearing, the Court may approve a

compromise or settlement[,]" grants further authority for the Court to approve the Settlement

Agreement.  Settling time-consuming and burdensome litigation, especially in the bankruptcy

---

[3] The summary of the Settlement Agreement is not intended to be exhaustive, and is subject to the terms of the Settlement Agreement.  The table herein is in no way intended to alter the Settlement Agreement or inform the interpretation thereof.

context, is encouraged.  *See In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Penn Central Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979) ("In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .") (quoting *In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

25.     Under Bankruptcy Rule 9019, a court "must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Woodbridge Grp. of Companies, LLC*, 592 B.R. 761, 772 (Bankr. D. Del. 2018) (quoting *In re Louse's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).  To this end, the Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393; *accord Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

26.     Courts apply the same standard to settlements in bankruptcy cases involving liquidating trusts.  *See, e.g.*, *In re Washington Mutual, Inc.*, 848 F. App'x 84 (3d Cir. Mar. 23, 2021), *aff'g* 2020 WL 1332922 (D. Del. Mar. 23, 2020); *see also In re Health Diagnostic Labs., Inc.*, 2016 WL 6068812 (Bankr. E.D. Va. Oct. 14, 2016) (using *Martin* factors to approve settlement agreement under Rule 9019 between liquidating trust and debtor's pre-petition law firm).

27.     The decision to approve a settlement "is within the sound discretion of the bankruptcy court." *World Health Alternatives*, 344 B.R. at 296; *see also In re Neshaminy Office Bldg. Assoc.*, 62 B.R. 798, 803 (E.D. Pa. 1986) (cited with approval in *Martin*, 91 F.3d at 396).

4915-1448-6657 v2

The Court need not decide the numerous questions of law or fact raised by the underlying litigation or claims, but rather should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *See In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983); *see also World Health Alternatives*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.")(internal citations omitted).

      **B.**      **The Settlement Agreement Should Be Approved**

28.      The Liquidating Trustee believes that the Settlement Agreement is fair in light of the circumstances. By entering into the Settlement Agreement, the Liquidating Trust will avoid incurring further and significant fees and expenses litigating its claims against Level 10, including a claim objection, and will avoid the inherent uncertainty and delay involved in litigation.

29.      Absent the approved Settlement Agreement, the Liquidating Trustee may be required to engage in expensive and time-consuming litigation in connection with its claims against Level 10. The potential negative consequences to the Liquidating Trust include further delay of distributions and the incurrence and expenditure of significant professional fees, which would come from funds that could be more efficiently deployed to administer and resolve other remaining outstanding claims. The benefits to the Liquidating Trust under the Settlement Agreement likely exceed any benefits that would be obtained through litigation, given the complexities, uncertainties, delays, and costs associated with such litigation. In fact, the Settlement Agreement will increase the amount of funds available for distribution to creditors.

30.      In short, approval of the Settlement Agreement is in the best interests of all parties. The Settlement Agreement (i) is fair and equitable; (ii) obviates the expense, delay, inconvenience,

and uncertainty that would attend any litigation of the parties' issues; and (iii) advances the paramount interests of all creditors.  The Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved by the Court.

## NOTICE

31.     Notice of the Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) Level 10; and (iii) all persons and entities that have filed a renewed request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order (I) Dismissing and Terminating the Retention of Kurtzman Carson Consultants LLC, as Claims and Noticing Agent and (II) Limiting Post-Effective Date Notice* [D.I. 660].

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement, and granting to the Liquidating Trustee such other and further relief as the Court deems just and proper.

Date: January 15, 2026          */s/ Leslie B. Spoltore*
Wilmington, Delaware            Leslie B. Spoltore, Esquire (No. 3605)
                                Edmond M. George, Esquire (*pro hac vice*)
                                OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                123 South Justison Street, Suite 100
                                Wilmington, DE 19801
                                Phone: (302) 238-6947
                                Email: leslie.spoltore@obermayer.com
                                        edmond.george@obermayer.com

                                *Counsel to Heather L. Barlow, Liquidating*
                                *Trustee of the Structurlam Liquidating Trust*

4915-1448-6657 v2