**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | Case No. 23-10497 (CTG) |
| Debtors. | (Jointly Administered) |
| HEATHER L. BARLOW, LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, | ADVERSARY NO. 25-50554-CTG **Re: D.I. 839** |
| Plaintiff, |  |
| v. |  |
| LEVEL 10 CONSTRUCTION, LP, |  |
| Defendant. |  |

**ORDER GRANTING THE LIQUIDATING TRUSTEE'S MOTION
FOR ORDER APPROVING SETTLEMENT AGREEMENT
WITH LEVEL 10 CONSTRUCTION, LP**

Upon consideration of the *Liquidating Trustee's Motion for Order Approving Settlement Agreement with Level 10 Construction, LP* (the "Motion"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. ("SMTU") (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation ("SMTC") (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

the United States Constitution, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and opportunity for a hearing was sufficient under the circumstances; and the Court having determined that the relief requested in the Motion is necessary and essential for the administration of the Debtors' confirmed Chapter 11 plan and such relief is in the best interests of the Liquidating Trust and its beneficiaries and all other parties in interest; and the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement, attached hereto as **Exhibit 1**, is APPROVED in its entirety and the Liquidating Trust is authorized to enter into and effectuate the Settlement Agreement and its terms.

3.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.      This Order shall be effective and enforceable by its terms immediately upon entry.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 3rd, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

2

# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into as of January 12, 2026 (the "Effective Date") by and between the Structurlam Liquidating Trust (the "Trust"), Heather L. Barlow, solely in her capacity as Liquidating Trustee of the Structurlam Liquidating Trust (the "Trustee"), and Level 10 Construction, LP ("Level 10"). The parties to the Settlement Agreement may be referred to in this Settlement Agreement collectively as the "Parties" or individually as a "Party."

## RECITALS

WHEREAS, on or about June 17, 2019, Level 10 entered into a written agreement with Google LLC  (the "Contract") for construction of YouTube headquarters (the "Project") in San Bruno, California;

WHEREAS, on or about April 5, 2022, Level 10 and Structurlam Mass Timber Corporation ("Structurlam") entered into a written Subcontract ("Subcontract") pursuant to which Structurlam agreed to provide engineering and preconstruction services and laminated timber to the Project.  The Subcontract was amended on multiple occasions;

WHEREAS, on or about April 21, 2023, Structurlam Mass Timber U.S., Inc., Natural Outcomes, LLC, Structurlam Mass Timber Corporation, and SLP Holdings Ltd. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on or about December 19, 2023, the Bankruptcy Court confirmed the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Structurlam Mass Timber U.S., Inc., et al. (the "Plan"), pursuant to which the Debtors are liquidating their assets and pursuing corporate dissolution under Delaware law;

WHEREAS, the Structurlam Liquidating Trust was created to administer the Debtors' liquidation and now holds all of the Debtors' legal and equitable claims;

WHEREAS, Heather L. Barlow was appointed, and now serves as, Liquidating Trustee of the Structurlam Liquidating Trust;

WHEREAS, on July 7, 2023, Level 10 filed a Proof of Claim against the estate of Structurlam Mass Timber Corporation (the "Proof of Claim") alleging $5,972,728.00 was owed to Level 10 by Structurlam in connection with the Subcontract (Claim Register No. 171). The Proof of Claim was subsequently amended on December 4, 2025 to increase the amount thereof to $7,501,194.80 (Claim Register No. 171-1);

WHEREAS a dispute arose between Level 10 and the Trust with respect to purportedly outstanding amounts due to Structurlam for services provided by Structurlam to Level 10 under the Subcontract (the "Dispute"), with the Trust claiming a sum in excess of $560,000;

WHEREAS, on April 18, 2025, the Trust filed *Heather L. Barlow, Liquidating Trustee of the Structurlam Liquidating Trust v. Level 10 Construction, LP*, Case No. 25-50554-CTG, in the United States Bankruptcy Court for the District of Delaware (the "Action") seeking to recover the

amount at issue in the Dispute;

WHEREAS, the Parties have agreed to resolve all disputes, claims, and issues between them relating to the Project, the Subcontract, the Plan, the Proof of Claim, the Dispute, and the Action (collectively, the "Claims"), which are all encompassed by this Settlement Agreement as set forth herein below; and

WHEREAS, the terms and provisions of this Settlement Agreement have been negotiated at arm's length following mediation before the Honorable Christopher Sontchi (Ret.) (the "Mediator") and have been agreed to by the Parties in good faith;

NOW, THEREFORE, in consideration of the covenants and promises herein set forth, the Parties hereto agree as follows:

## AGREEMENT

1.  Incorporation of Recitals.  The Recitals are incorporated as though fully set forth herein, and not mere recitals.

2.  Consideration.  Level 10's Proof of Claim in the bankruptcy of Structurlam Mass Timber Corporation shall be reduced to $4.3 million (USD) (the "Reduced Claim Amount"), and shall be an allowed claim in that amount. The Trust  agrees to accept the reduction of the Proof of Claim amount to $4.3 million (USD) as full satisfaction of all amounts claimed due to the Trust from Level 10, including but not limited to the amount in the Dispute.  The Trust shall notify the Structurlam claims agent of the reduced claim amount and of its allowance of the Reduced Claim Amount.

3.  Dismissals.  The Trust agrees that within ten (10) days of the entry of a Bankruptcy Court order approving the Settlement Agreement becoming a final order, it shall file a stipulation of dismissal with prejudice of the Action and a proposed Order. Each Party shall bear its own fees and costs in connection with the Action and this settlement.  The fees of the Mediator will be split evenly between the Parties.

4.  Mutual Release.  Effective upon the Bankruptcy Court order approving the Settlement Agreement becoming a final order, other than the Proof of Claim, the Parties, for themselves and on behalf of their respective parents, subsidiaries, partners, owners, members, joint venture partners, sureties, contractors, legal successors, and assigns, and each of them, in their capacities as such, including specifically the Trust, Structurlam and the Debtors, (the "Releasing Parties"), do hereby release and forever discharge each other and their respective parents and subsidiaries, joint venture partners, sureties, insurance companies, contractors, subcontractors, consultants, lenders, the members, officers and directors of all such entities, their heirs, legal successors, assigns, principals, employees, attorneys, agents, representatives, and any person or entity which may succeed to the rights and liabilities of such entity by assignment or otherwise, and each of them (the "Released Parties"), from any and all claims, complaints, charges, demands, damages, causes of action, debts, liabilities, judgments, and suits of every kind and nature whatsoever, foreseen or unforeseen, known or unknown, suspected or unsuspected, including but not limited to those arising out of or relating in any way to the Project, the Subcontract, the Plan, the Proof of Claim, the Payments, the Dispute, the Action, and/or the Claims (all of which shall be collectively referred to as the "Released

2

Claims"). For the avoidance of doubt, the foregoing release covers all claims for costs, interest, penalties, expenses, and attorney's fees incurred by either Party.

5. <u>Operation and Effect</u>. The releases set forth in Paragraph 4 of this Settlement Agreement shall not discharge or relieve the Parties of their respective obligations pursuant to this Settlement Agreement.

6. <u>Severability</u>. The Parties agree the covenants and provisions contained in this Settlement Agreement are separate, severable, and independent of each other, as each term and condition is based on viable and independent consideration and is of great importance to the Parties. Therefore, should any court of competent jurisdiction declare any covenant or provision of this Settlement Agreement invalid or unenforceable for any reason, the remaining covenants and other terms and conditions of this Settlement Agreement shall continue in full force and effect.

7. <u>No Reliance</u>. Each of the Parties hereto represents, warrants, and agrees that in executing and entering into this Settlement Agreement, such Party: (i) has been represented by legal counsel, if they so desire, and if so has reviewed this Settlement Agreement with such counsel; (ii) fully understands the binding legal effect of this Settlement Agreement; and (iii) is not relying and has not relied upon any representation, promise, or statement made by anyone which is not specifically recited, contained, or embodied in this Settlement Agreement.

8. <u>Non-Assignment of Claims</u>. The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or cause of action relating to any matter covered herein.

9. <u>Predecessors, Successors and Assigns</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, including the Trustee, successors, and assigns.

10. <u>Bankruptcy Court Approval</u>. As a condition to the effectiveness of this Settlement Agreement, the Trust will seek Bankruptcy Court approval pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). This Settlement Agreement will be effective upon the Bankruptcy Court order approving the Settlement Agreement becoming a final order pursuant to Bankruptcy Rule 9019, and the parties will be bound, and both of them bound, or neither bound, subject to such Bankruptcy Court approval of this Settlement Agreement.

11. <u>Authorization</u>. The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute, and deliver this Settlement Agreement. Each such Party or person signing this Settlement Agreement: (i) has all requisite legal, partnership, corporate, or other applicable authority to execute and deliver this Settlement Agreement and any other documents or agreements required hereunder, and each of them has all requisite legal, partnership, corporate, or other applicable authority to act on behalf of the Party for which each is signing and to bind such Party to the terms and conditions of this Settlement Agreement, including but not limited to the authority to make the releases specified in this Settlement Agreement; (ii) each such Party or person has obtained any approvals or consents and taken any partnership, corporate, or other applicable actions that are necessary for the

authorization, execution, delivery, and performance of this Settlement Agreement, other than as specified herein; and (iii) this Settlement Agreement and the consideration contemplated herein does not violate any other contractual obligations of such Party to any third party. The Trustee's signature of this Settlement Agreement on behalf of the Trust does not obviate the need for Bankruptcy Court approval of this Settlement Agreement. Notwithstanding any other provision of this Settlement Agreement, the representations and warranties set forth in this paragraph shall survive the consummation of this Settlement Agreement.

12. <u>Joint Negotiation</u>. Each of the Parties acknowledge: (i) that they have each fully participated in the negotiation of this Settlement Agreement, and no provision of this Settlement Agreement shall be construed against or interpreted to the disadvantage of any party hereto or thereto by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured, dictated, or drafted such provision; (ii) that they at all times have had the ability to engage or retain counsel, if they so desire, and that they have had the opportunity to review, analyze, and discuss this Settlement Agreement and the underlying factual matters relevant to this Settlement Agreement with the same if so, for a sufficient period of time prior to the execution and delivery hereof, and thereof; (iii) that all of the terms of this Settlement Agreement were negotiated at arm's length; (iv) that this Settlement Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by either of the Parties upon the other; (v) that the execution and delivery of this Settlement Agreement is a free and voluntary act of each of the Parties; and (vi) that the persons executing this Settlement Agreement are authorized to do so by the Parties.

13. <u>Integration and Modification</u>. This Settlement Agreement constitutes and is intended to constitute the entire agreement of the Parties concerning the releases and other obligations which are the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein. All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Settlement Agreement. No subsequent alteration, amendment, change, modification, or addition to this Settlement Agreement shall be binding unless reduced to writing and signed by the Parties hereto.

14. <u>Choice of Law</u>. The Parties agree that this Settlement Agreement shall be governed by the laws of the State of Delaware and applicable provisions of the Bankruptcy Code. Any dispute arising over the meaning, application, or interpretation of this Settlement Agreement may be submitted by a Party to the United States Bankruptcy Court for the District of Delaware.

15. <u>Waiver of Rights Arising Under California Civil Code Section 1542</u>: The releases in Paragraph 4 of this Agreement are intended to extend to all claims that are embraced by the releases whether known or unknown, suspected or unsuspected, and the Parties expressly waive all rights under California Civil Code Section 1542, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

All Parties acknowledge and represent that they have consulted with and have been advised by their own independent counsel about the effect of the waiver contained in this Paragraph.

16. <u>No Admission</u>.  Except as specifically set forth herein, this Settlement Agreement is not intended to be and shall not be deemed, construed, or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

17. <u>Construction</u>.  The terms and provisions of this Settlement Agreement shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction requiring interpretation against the Party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

18. <u>Counterparts; Telecopy Signatures</u>.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument.  The delivery of a telecopy, PDF, or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

19. <u>Notices</u>.  Notices under this Settlement Agreement shall be given to the Parties at the following addresses (or such other address as a Party may designate in writing), by hand delivery, by overnight delivery, or by certified United States mail, postage prepaid, and shall be effective upon receipt.  Such notice shall also be sent, but shall not be an effective notice, to the e-mail addresses shown.

---

**Structurlam Liquidating Trust**
Attn:  Heather  Barlow,  Liquidating
Trustee
c/o Edmond M. George, Esquire
Address:

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street
Suite 3400
Philadelphia, PA 19102

E-mail:
edmond.george@obermayer.com

With a copy to:

Edmond M. George, Esquire
Address:

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street
Suite 3400
Philadelphia, PA 19102

E-mail:
edmond.george@obermayer.com

---

**Level 10 Construction, LP**

With a copy to:

Attn.: James Evans

Carl Grumer, Counsel to Level 10
Construction, LP

Address:

Address:

    1050 Enterprise Way
    Suite 250
    Sunnyvale, CA 94089

    MANATT, PHELPS &
    PHILLIPS LLP
    2049 Century Park East
    Suite 1700
    Los Angeles, CA 90067

E-mail: cgrumer@manatt.com

20. <u>Headings</u>.  The headings set forth in this Settlement Agreement are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

21. <u>Further Assurances</u>.  From and after the execution hereof, each Party agrees to cooperate with one another in carrying out the terms of this Settlement Agreement including but not limited to the execution, with acknowledgement or affidavit if required, of any and all documents that may be reasonably necessary or expedient to effectuate this Settlement Agreement and to achieve its purposes.

22. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the complete understanding between the Parties and supersedes any and all prior agreements, promises, or inducements concerning the subject matter of this Settlement Agreement. No modifications, amendments, promises or agreements made subsequent to the execution of this Settlement Agreement by the Parties shall be binding unless reduced to writing and signed by authorized representatives of these Parties.

**[Signatures on following page]**

Intending to be legally bound by the terms of this Settlement Agreement, we have affixed our signatures below.

Dated: 1/12/2026                          Dated: 1/12/2026

**THE STRUCTURLAM LIQUIDATING TRUST**                    **LEVEL 10 CONSTRUCTION, LP**

DocuSigned by:

*Heather Barlow*
—64A0EE7E04614E1...
**Name:** Heather L. Barlow
**Title:** Liquidating Trustee

Signed by:

*James F. Evans*
—15897A8C00724C4...
**Name:** James F. EvAns
**Title:** CFO