**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>STRUCTURLAM MASS TIMBER U.S., INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10497 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I 871** |
| HEATHER L. BARLOW AS \|LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>WALMART INC.,<br><br>Defendant. | Adv. Case No. 25-50541 (CTG)<br><br>**Re: Adv. D.I 161** |

**ORDER GRANTING MOTION OF HEATHER L. BARLOW, SOLELY AS TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND FED. R. BANKR. P. 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT BETWEEN THE TRUSTEE, THE STRUCTURLAM LIQUIDATING TRUST, WALMART, INC., CINDI MARSIGLIO, CHRISTINE ALLEN AND BRIAN HOOPER**

This matter having come before the Court upon the Motion (the "Motion") of Heather L. Barlow, Solely as Trustee of the Structurlam Liquidating Trust, for an Order Pursuant to 11 U.S.C. §105(a), and Fed. R. Bankr. P. 9019(b) Authorizing and Approving a Settlement (the "Settlement") between the Trustee, the Structurlam Liquidating Trust (the "Trust"), Walmart, Inc. ("Walmart"),

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

Cindi Marsiglio, Christine Allen and Brian Hooper (collectively, the "Walmart Directors")[2]; the Court having determined that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court can enter a final order consistent with Article III of the United States Constitution; that venue of the Motion is proper pursuant to 28 U.S.C. § 1409; that due and adequate notice has been given, and that no other or further notice need be given; the Court having found that the proposed Settlement is in the best interest of the Debtors, their bankruptcy estates, the Trust, and the Debtors' creditors and other parties in interest; and the Court having found that good and just cause exists for granting the relief requested in the Motion; and after due deliberation, it is hereby:

**ORDERED, ADJUDICATED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Settlement described in the Motion and the Settlement Agreement are approved pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Parties are authorized and empowered to perform their respective obligations under the Settlement Agreement attached to the Motion as **Exhibit B** and take any and all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and the terms of the Settlement and Settlement Agreement.

4. This Order shall be binding upon all parties in interest in these cases and their successors and assigns and shall inure to the benefit of the Parties.

[2] Capitalized terms not defined herein shall be ascribed the meaning as defined in the Motion.

5. The Court retains jurisdiction over any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of the Settlement, Settlement Agreement, or this Order.

**Dated: July 30th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**